## BARTLE v. PLANE.

1. **Justice's Court**: JUDGMENT ON VERDICT WHICH STATED NO AMOUNT. It is error for a justice of the peace to render judgment on a verdict for plaintiff which fails to state how much plaintiff should recover, where all indebtedness is denied by defendant. In such case the jury should have been requested to retire and find how much plaintiff ought to recover.

2. ———: ———: WRIT OF ERROR: JUDGMENT OF CIRCUIT COURT. Where in such case a writ of error was sued out, it was error for the circuit court to render judgment upon the verdict against defendant for costs. The judgment should have been set aside and the cause remanded to the justice for further proceedings.

*Appeal from Buchanan Circuit Court.*

MONDAY, DECEMBER 21.

ACTION before a justice of the peace. Judgment for the plaintiff, and the defendant sued out a writ of error. The

circuit court rendered judgment as stated in the opinion. The plaintiff appeals.

*J. J. Ney*, for appellant.

*C. E. Ransier*, for appellee.

SEEVERS, J.—The plaintiff filed before the justice of the peace a petition, and it was stated therein that he had sold to defendant a mower of the value of $50; that defendant made part payment of said machine in an old machine, and the balance, $45, was to be paid in cash. " The defendant filed an answer, and denied being indebted to the plaintiff in the sum of $50, or any other sum whatever; denies that he purchased the mower of the plaintiff." There was a trial by jury, and a verdict found in these words: " We, the jury in the above-entitled cause, find for the plaintiff." The defendant objected to the rendition of a judgment on the verdict, but the objection was overruled, and a judgment rendered against the defendant for $45 and costs; and thereupon the defendant sued out a writ of error from the circuit court. Upon the trial in that court the judgment of the justice was set aside and vacated, and judgment rendered upon said verdict in favor of the plaintiff and against the defendant for costs only, and a judgment rendered in favor of the defendant against the plaintiff for costs on the writ of error. The circuit court has certified several questions upon which the opinion of this court is desired. Those only which have been argued by counsel will be considered.

I. We are asked—was it error in the justice to render judgment in favor of the plaintiff for the sum of $45 and costs? This

1. JUSTICE'S court: judgment on verdict which stated no amount.

question must be answered in the affirmative. No judgment on the verdict for the plaintiff could be rendered, because the jury failed to find how much the plaintiff is entitled to recover. But counsel for the appellant insist that there was no issue in relation to the amount of the recovery, but simply as to

whether the defendant purchased the machine. The petition states that the machine was of the value of $50. The defendant denied being indebted to the plaintiff in any sum, and denied having purchased the machine. It is quite clear, we think, that the plaintiff could not have recovered if he had simply proved that he sold the defendant a machine. It was essential that he should prove its value. The answer is informal, but its sufficiency cannot be doubted when it is remembered that the statute provides that an allegation of value shall not be deemed true by a failure to controvert it. Code, § 2712; *Chicago & S. W. R. Co. v. Northwestern Packet Co.*, 38 Iowa, 377. Under the pleadings and verdict, the justice erred in rendering the judgment he did. Counsel for the appellant cite *Armstrong v. Pierson*, 15 Iowa, 476; *Lee v. Bradway*, 25 Id., 216; *Higley v. Newell*, 28 Id., 516. In our opinion, these cases are not applicable.

II. We are asked, in substance, whether the circuit court rendered a proper judgment on the verdict. The statute provides that the " court may render final judgment, or may remand the cause to the justice for a new trial, or such further proceedings as shall be deemed proper, and may prescribe the notice necessary to bring the parties before the justice." Code, § 3603. When the verdict was returned the justice should have caused the jury to retire and ascertain the amount they found to be due the plaintiff. The circuit court could not do this, nor can the justice do so now, we suppose, if the cause was remanded with directions to do so. Therefore such course should not be taken. But the defendant is not entitled to a judgment on the verdict. The verdict is in favor of the plaintiff, and no judgment should be rendered thereon against him the effect of which would be a bar to the plaintiff's right to recover. We think the court erred in rendering any judgment on the verdict. The judgment of the justice should have been set aside and the cause remanded for further proceedings before the justice, as contemplated by the statute. REVERSED.

2. ——: ——:
writ of error:
judgment of
circuit court.