## MAYOR & COUNCIL OF WASHINGTON *v.* CALHOUN.

1. A verdict rendered in an action for unliquidated damages must expressly state the amount to which the jury deem the plaintiff entitled, or no lawful judgment can be entered thereon. A general verdict for the plaintiff will not, in such a case, support a judgment for any particular amount.
2. It is not allowable for the judge, in passing upon a motion in arrest of judgment, to invoke his recollection as to what occurred at the trial.

Argued February 10, — Decided March 23, 1898.

Motion to arrest judgment. Before Judge Reese. Wilkes superior court. May term, 1897.

*S. H. Hardeman* and *Irvin & Wynne,* for plaintiff in error.
*M. P. Reese,* contra.

LUMPKIN, P. J. An action was brought by Calhoun against the Mayor and Council of Washington, for the negligent killing of two mules, the property of the plaintiff, "reasonably worth $250." There was a general verdict for the plaintiff, without specifying the amount he was entitled to recover. The

defendant filed a motion in arrest of judgment, to the overruling of which it excepts.

1. It seems to be well-settled law that a verdict rendered in an action for unliquidated damages must expressly state the amount to which the jury deem the plaintiff entitled, or no lawful judgment in his favor can be entered. The following, from the text of 28 Am. & Eng. Enc. L. 303–307, is well supported by the authorities there cited: "It is a generally recognized rule of practice, that a verdict rendered in a suit seeking damages, liquidated or unliquidated, should, if it be for the plaintiff, expressly state the amount to which the jury deem him entitled. In some jurisdictions this is true even in actions of debt brought for a specific sum, though in such cases reference to the pleadings has generally been allowed to determine the amount for which judgment should be rendered."

2. In the order overruling the motion in arrest of judgment, the trial judge assigned as a reason for so doing that "no question was made on the trial of said case as to the amount of damages." We do not think it was allowable for the judge, in passing upon this motion, to invoke his recollection of what occurred at the trial. In *Terrell* v. *State*, 9 *Ga.* 59, Lumpkin, J., remarked: "We understand that nothing is good in arrest of judgment which does not arise from intrinsic causes appearing upon the face of the record." This has always been the rule, and it is distinctly recognized in section 5363 of the Civil Code, which declares that a motion in arrest of judgment "must be predicated upon some defect which appears on the face of the record or pleadings," while a motion for a new trial "must be predicated on some extrinsic matter not so appearing."

*Judgment affirmed. All concurring, except Cobb, J., absent.*