(May 24, 1913.)

## G. T. MOORE, Appellant, v. J. W. EVANS et al., Respondents.

[132 Pac. 971.]

ACTION FOR FORECLOSURE OF MORTGAGE—COUNTERCLAIM—VERDICT—UNCERTAINTY IN VERDICT.

1. In an action for foreclosure of a mortgage, where the answer raises no issue on any of the material allegations of the complaint, but sets up a counterclaim for damages arising out of the transaction for which the note and mortgage were given, the only issue to be tried by a jury is the amount of damages sustained by the defendant, and in such a case where the jury returns the following verdict, "We the jury impaneled in the above-entitled cause, find for the defendant and assess his damages for the sum of $——," it is error for the trial court to enter a judgment thereon in favor of the defendants for their costs in the action and dismissing plaintiff's action. *Held,* further, that such a verdict is indefinite and uncertain and irregular, and is not sufficient upon which to render a judgment, as it does not find any damage in favor of the party alleging damages.

2. Pleadings examined in this case, and *held,* that demurrer to the counterclaim on the grounds of ambiguity and uncertainty should have been sustained.

3. Evidence offered, marked plaintiff's exhibit "E," was properly rejected by the court, for the reason that it was an offer of compromise and settlement of an existing controversy.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. C. O. Stockslager, Judge.

Action to foreclose a mortgage.   Judgment for defendant. Plaintiffs appeal:   *Reversed.*

G. W. Lamson, for Appellant.

W. L. Harvey, for Respondents.

Counsel cite no authorities on points decided.

AILSHIE, C. J.—This action was instituted for the foreclosure of a mortgage.   The defendant answered and admitted the execution of the note and mortgage; and admitted the assignment of the mortgage to the plaintiff and the recording of the assignment and that no part of the debt had been paid. As a separate defense and counterclaim, defendant alleged that the note was executed in payment for a stock of fruit trees which the defendant purchased from J. W. Pittenger, who was the plaintiff's assignor, and that the defendant had no opportunity to examine the trees before executing the note and mortgage and that the trees had turned out to be an inferior stock and that a large portion of them died, and that as a result defendant had been damaged in the sum of $1,428, and prayed that defendant have judgment against the plaintiff for the ''sum of $1,428, less the amount of said note and interest.''   The case went to trial and the jury returned the following verdict: ''We, the jury impaneled in the above-entitled cause, find for the defendant and assess his damage in the sum of $——.   R. E. Thompson, Foreman.''   Upon this verdict the trial court entered a judgment in favor of the defendants for their costs and dismissed the action.   Plaintiff thereupon prosecuted this appeal.

We have not been able to gather from the record on just what theory the trial court entered the judgment in this case. The plaintiff's cause of action was admitted, and he was entitled to judgment on the pleadings for the sum covered by his note and mortgage.   The defendant tendered no issue on any material allegation of the complaint.   The only issue that was made by the pleadings was tendered by the defend-

ant's counterclaim for damages growing out of this transaction. The trial court seemed to so understand the matter at the time he instructed the jury, and accordingly instructed them as follows:

"The jury are instructed that in this case the plaintiff's cause of action is the foreclosure of a mortgage, the evidence in which consists of documentary evidence, and you will not be required to render a verdict or make any findings upon that feature of the case.

"The only question that will be submitted to you and which you will be required to find upon is the amount of damages, if any, suffered by the defendants as set forth in their counterclaim to plaintiff's action in the foreclosure of the mortgage."

It would seem, however, that the jury disregarded this instruction, and apparently the court took that view in entering his judgment. The jury found in favor of the defendants but did not assess the damages in any sum whatever, or rather they found that he was not damaged in any sum. The court seems to have considered that the jury had found that the defendants were damaged in the amount of the note and mortgage and intended to pay the note and mortgage by the amount of damages sustained. This, however, is only conjecture, and is not the way in which lawsuits must be tried. It was the duty of the jury to find the amount of damage sustained by the defendants and to assess that sum, and it was thereafter the duty of the court to offset the amount to which the plaintiff was entitled on his note and mortgage by the amount of damage assessed by the jury in favor of the defendant.. For this reason alone this judgment must be reversed and the cause must be remanded for a new trial.

Appellant has assigned some errors which it is necessary for us to consider, in view of the fact that a new trial must be had. The plaintiff demurred to the defendant's counterclaim, on the ground that it was ambiguous and uncertain. In this demurrer plaintiff pointed out that the particular causes of damage on which defendants relied were not made specific or certain, and that it was not certain as to the particular cause for which damage was claimed or the amount

that was claimed for any specific, wrongful act or breach of contract. We think this demurrer should have been sustained, and the defendant should be required to amend his counterclaim and make it more definite and certain.

Appellant complains of the refusal of the court to admit in evidence his exhibit "E," which appears to have been a letter written by J. W. Evans to J. W. Pittenger, proposing some kind of a compromise of this claim. We think the court properly excluded this from the jury. (*Kroetch v. Empire Mill. Co.,* 9 Ida. 277, 74 Pac. 868.)

Judgment is reversed and the cause is remanded, with direction to the trial court to grant a new trial and to sustain the plaintiff's demurrer to the defendant's counterclaim. Costs awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.