WHEELER v. MOORE. (No. 5987.)

(Court of Civil Appeals of Texas. Austin. Jan. 29, 1919.)

1. TRIAL ☞333 — VERDICT — FAILURE TO FIND VALUE OF PROPERTY.

In suit of debt and for foreclosure, wherein sequestration was sued out and levied on cotton claimed by third person, verdict for plaintiff *held* not to support judgment for him because failing to find value of property, or to specify any sum he was entitled to recover; case not having been submitted on special issues to render applicable Rev. St. 1911, art. 1985.

2. TRIAL ☞339(3)—RENDITION OF INCOMPLETE AND IRRESPONSIVE VERDICT — FURTHER DELIBERATION BY JURY—STATUTE.

Where verdict was incomplete and not responsive to charge, jury should have been sent back for further deliberation, as required by Rev. St. 1911, art. 1981.

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by T. T. Moore against S. H. Camp, wherein writ of sequestration was sued out, J. W. Wheeler claiming the property levied upon. From a judgment for plaintiff, claimant Wheeler appeals. Reversed, and cause remanded.

Jno. B. Daniel, of Temple, for appellant. A. D. Gibson, of Temple, for appellee.

KEY, C. J. Appellee instituted a suit of debt against S. H. Camp, and for foreclosure of a chattel mortgage upon certain personal property, including three bales of cotton. He also sued out a writ of sequestration, and had it levied upon the three bales of cotton in controversy in this case. Appellant, J. W. Wheeler, claiming that the three bales of cotton belonged to him, took the necessary steps for the trial of the rights of property, including the filing of a replevy bond. Appellee's affidavit, wherein he set up his claim to the property, and the bond referred to were returned by the sheriff to the county court, where the case was docketed in the name of

T. T. Moore, as plaintiff, and J. W. Wheeler, as defendant, and in which proceeding a jury trial was had, and judgment rendered in favor of the plaintiff, Moore; and the defendant, Wheeler, has appealed.

The case was not submitted to the jury upon special issues, but upon a general charge, one paragraph of which reads as follows:

"Now if you believe from a preponderance of the evidence adduced in this cause that the three bales of cotton described in plaintiff's petition are the same as were raised by S. H. Camp on the farm of Mrs. Adams about 12 miles northeast from Rogers, and on which the mortgage lien existed at the time of the sale to the said J. W. Wheeler, then and in that event you will find for the plaintiff for the return of said three bales of cotton, if they can be returned, if not, then you will find for the plaintiff his damages, which in this case is the reasonable market value of said property at the time the same was sold, together with interest thereon from the date said property was purchased by the defendant, if same was so purchased, at 6 per cent. rate of interest per annum."

The verdict of the jury reads as follows:

"We, the jury, find in favor of plaintiff. Z. W. Nance, Foreman."

The judgment of the court recites the fact that the parties appeared, announced ready, that a jury was impaneled and returned the verdict heretofore copied in favor of plaintiff. Following those recitals, the judgment shows that the court made certain findings of fact, one of which was that the three bales of cotton referred to were of the value of $169.79 at the date of execution of the claimant's bond by appellant, Wheeler, and that appellee's claim against S. H. Camp was in excess of that sum; and therefore judgment was rendered for the plaintiff and against the defendant, Wheeler, and the sureties upon his claimant's bond for $169.79, with interest thereon at the rate of 6 per cent. per annum from the 1st day of December, 1915, together with $16.97 as damages and costs of the suit; and the defendant has appealed.

[1] We sustain appellant's contention that the verdict does not support the judgment, because it failed to find the value of the property, or to specify any sum of money that the plaintiff was entitled to recover. As far back as Tinnen v. Matthews, Dall. Dig. 492, and continuously since then, our Supreme Court has held that in jury cases the judgment must conform to the verdict, and cannot be based upon facts, though established by uncontroverted testimony, that are not found by the verdict. Phillips v. Hill, 3 Tex. 399; Claiborne v. Tanner, 18 Tex. 78; Bledsoe v. Wills, 22 Tex. 651; Kuhlman v. Medlinka, 29 Tex. 390; Stafford v. King, 30 Tex. 277, 94 Am. Dec. 304; Handel v. Elliott, 60 Tex. 147; Akin v. Jefferson, 65 Tex. 141; Silliman v.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gano, 90 Tex. 650, 39 S. W. 559, 40 S. W. 391.

In Akin v. Jefferson, supra, our Supreme Court said:

"The verdict must constitute the basis of the judgment, and the court must look to it alone."

It cannot in rendering judgment consider a fact not found, although supported by uncontradicted evidence.

[2] In 1897, the rule referred to was modified by the Legislature in reference to cases submitted upon special issues. Article 1985, R. S. 1911. That statute prescribes in cases submitted upon special issues, upon appeal or writ of error an issue not submitted and not requested shall be deemed as found by the court in such manner as to support the judgment, if there be evidence to sustain such finding. However, as this case was not submitted to the jury upon special issues, that statute has no application, and the rule referred to in the cases cited, and in any others which have not been cited, has application. In the present case the testimony was not such as would have justified the court in directing the jury to make the finding that the court made in reference to the value of the property; and therefore it is not necessary to go to the extent to which the Supreme Court has gone in some cases, wherein it has been held that it is immaterial that the fact not found by the jury was established by uncontroverted testimony. It may also be conceded that the rule referred to does not apply where the adverse party has admitted the fact not found by the verdict, but this case does not fall within that class. In fact the verdict under consideration is incomplete, and not responsive to the charge of the court; and therefore it should not have been received, and the jury should have been sent back for further deliberation, as required by article 1981 of the Revised Statutes.

Appellant has also assigned error upon the action of the court in admitting certain testimony, which, in our judgment was not admissible. Counsel for appellee contends that the case should not be reversed upon that ground, because appellant first drew from the witnesses part of the testimony referred to, thereby entitling appellee to all of it. The record seems to disclose some excuse for that contention; and with this intimation, we take it for granted that upon another trial appellant will do nothing that will subject him to the charge of inviting the testimony, and if he pursues that course, and appellee offers the testimony complained of and appellant objects to it, we think the objection should be sustained.

On account of the error heretofore pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.