Argued October 28, affirmed December 2, 1919.

# GOŸNE *v.* TRACY.

(185 Pac. 584.)

**Costs—Judgment for Costs Without Service of Bill.**

1. A justice of the peace could render judgment for costs and disbursements without the costs bill having been served.

**Justices of the Peace—Harmless Instruction That Three Fourths of Jury Could Return Verdict.**

2. Instruction by justice of the peace to the jury that three fourths of their number would be sufficient to agree upon a verdict was harmless, where the verdict returned in fact was unanimous.

**Justices of the Peace—Assessment of Amount of Recovery.**

3. Under Section 156, L. O. L., in an action for the recovery of money the jury must assess the amount of recovery, and a verdict which merely found for plaintiff did not give the justice of the peace authority to render judgment on it, but he should have caused the jury to correct it, or have sent the jury out again, pursuant to Section 150.

**Justices of the Peace—Improper Rendition of Justice's Judgment on Verdict.**

4. Justice of the peace having had no authority to render judgment in an action for the recovery of money on the jury's verdict merely finding for plaintiff and not assessing the amount, and such error appearing on the record, there is presented a question amenable to the right of review under Section 605, L. O. L., providing that writ of review shall be concurrent with the right of appeal, etc.

**Justices of the Peace—Power of Circuit Court to Direct Justice of the Peace.**

5. Where the record before the Circuit Court on return of writ to review judgment of a justice showed judgment improperly rendered on verdict in an action to recover money not assessing the amount, but merely finding for plaintiff, the Circuit Court, under Section 611, L. O. L., had power to affirm, modify, reverse or annul the decision, or by mandate to direct the inferior court to proceed according to its decision.

From Union: John W. Knowles, Judge.

In Banc.

The defendant Tracy sued the plaintiff here in the Justice's Court for money had and received by the defendant in the amount of $213.05. The present plain-

tiff by her answer denied every allegation in that complaint. At the trial after the jury had retired to consider their verdict they returned and asked the court to instruct them relative to the number required to agree upon a verdict and the justice instructed them that three fourths of their number would be sufficient for that purpose. Afterwards they returned a unanimous verdict as follows:

"We the jury in the above-entitled action find for the plaintiff."

Before the judgment was rendered, defendant there and plaintiff here objected to the rendition of any judgment in favor of plaintiff in that action except for costs and disbursements. This objection was overruled and the justice of the peace entered a judgment in favor of the plaintiff and against the defendant for $213.05, the full amount claimed, together with costs and disbursements taxed at $32.05. The defendant in that proceeding sued out this writ of review, alleging as error that the court had no right to render any judgment on such a verdict; that it erred in instructing the jury and likewise that it was wrong to render judgment for costs and disbursements without the cost bill having been served. The Circuit Court sustained the writ and directed the defendant to restore to the custody of the Justice's Court the money realized by attachment and remanded the case for a new trial in the Justice's Court. The defendants in the review proceedings have appealed.  AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. L. Denham.*

For respondent there was a brief and an oral argument by *Mr. R. J. Green.*

BURNETT, J.—1-4. There is no merit in the objection that the cost bill was not served. It is not required: *Egan* v. *North American Loan Co.,* 45 Or. 131, 139 (76 Pac. 774, 77 Pac. 392). If it was error at all, the instruction of the justice of the peace to the jury was harmless for it appeared by the record that the verdict was unanimous. This being an action for the recovery of money it is required by law that the jury shall assess the amount of recovery: Section 156, L. O. L. The verdict in question did not conform to this statute and hence gave the justice no authority to render a judgment upon it. The justice should have caused the jury to correct it or have sent the jury out again: Section 150, L. O. L. Having no authority to render judgment on such a verdict and the error appearing on the face of the record there is presented a question amenable to the right of review under Section 605, L. O. L.:

"The writ shall be concurrent with the right of appeal and shall be allowed in all cases where the inferior court, officer or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously or to have exceeded its or his jurisdiction to the injury of some substantial right of the plaintiff but not otherwise."

5. With this record before it on the return of the writ of review the Circuit Court under Section 611, L. O. L., had power to—

"affirm, modify, reverse or annul the decision or determination reviewed and if necessary to award restitution to the plaintiff or by mandate direct the inferior court, officer or tribunal to proceed in the matter reviewed according to its decision."

The jury having been discharged it is too late to amend the verdict. Hence, under the sections of the

Code already mentioned, the action of the Circuit Court in remanding the case for further proceedings was appropriate and is affirmed.　　　AFFIRMED.