Motion to dismiss appeal denied July 8, 1931; argued January 7; reversed February 16; rehearing denied March 15, 1932.

## McLEAN *v.* SANDERS ET AL.

(7 P. (2d) 981)

*Leo Levenson,* of Portland (Gus J. Solomon, of Portland, on the brief), for appellant.

*Frank S. Grant,* City Attorney, and *James West,* Deputy City Attorney, both of Portland, for respondents.

RAND, J. This is an action to recover $500 as damages for false imprisonment. The defendants are police officers of the city of Portland. The action was commenced and first tried in the district court, where plaintiff was awarded judgment for the amount claimed. An appeal was then taken to the circuit court, where it was again tried and the following verdict rendered: "We, the jury, duly impanelled to try the above entitled cause, find our verdict for the plaintiff and against the defendants, and assess plaintiff's general damages in the sum of no dollars, and further assess punitive damages against defendants in the sum of no dollars."

The trial court, after directing the verdict to be filed, treated it as a verdict for defendants and gave judgment that plaintiff recover nothing in the action and that defendants have and recover their costs and disbursements in both courts.

On the day of its entry, plaintiff moved the court for an order setting aside the verdict and judgment and granting a new trial. This motion was denied and plaintiff appealed from the judgment. The defendants moved to dismiss the appeal upon the ground that an order refusing to set aside a judgment and granting a new trial is not an appealable order.

The appeal, however, is not from the order, as assumed by defendants' motion, but from the judgment itself. This being an action for the recovery of money and it appearing from the pleadings that the amount in controversy exceeds the sum of $250, the statute gives plaintiff the right of appeal: Section 7-501, Oregon Code 1930.

Plaintiff assigns error in the refusal of the court to set aside the judgment and contends that the court

was without power to enter judgment upon the verdict for the reason that, having found for plaintiff, it was the duty of the jury to assess the amount of the recovery.

Upon this question we think that *Goyne v. Tracy,* 94 Or. 216 (185 P. 584), is decisive. There, the jury, in a trial in a justice of the peace court, returned a verdict as follows: "We the jury in the above entitled action find for the plaintiff." The justice of the peace discharged the jury and, over the objection of the defendant, entered a judgment for plaintiff for the amount claimed and for the costs of the action. The defendant then sued out a writ of review, alleging as error that the justice of the peace had no right to render judgment on such a verdict. The circuit court set aside the judgment and remanded the case to the justice court for a new trial. Upon appeal to this court from the order of the circuit court, it was held that in view of the statute, now section 2-405, Oregon Code 1930, which provides that "When a verdict is found for the plaintiff in an action for recovery of money, * * * the jury shall also assess the amount of recovery," a verdict which did not conform to that requirement "gave the justice no authority to render a judgment upon it. The justice should have caused the jury to correct it or have sent the jury out again," and then held that, since the jury had been discharged and it was too late to amend the verdict, the action of the court in remanding the case "for further proceedings was appropriate and is affirmed."

■■ A verdict in the instant case found for the plaintiff but failed to assess the amount of her recovery, expressly stating that she had suffered no damage. The gist of an action for false imprisonment is damage.

Unless there was damage, the action cannot be maintained. The verdict as rendered is neither for the plaintiff nor for the defendants. If the jury had found that plaintiff had sustained nominal damages only that would have been sufficient but having found, in effect, as the verdict shows, that the imprisonment was unlawful, it was bound, under the statute, to find that the plaintiff had suffered at least nominal damages.

The rule that a verdict in an action in which a money judgment is sought, whether by way of liquidated or unliquidated damages, which does not state specifically the amount to which the jury deemed plaintiff entitled, is not a verdict on which a valid judgment can be entered, is not only approved and adopted in *Goyne v. Tracy*, supra, but it is a rule of general application. See Abbott's Civil Jury Trials (3d Ed.), p. 761, and authorities there cited.

It is impossible to ascertain from this verdict whether the jury intended to find for the plaintiff or for the defendants. Because of its uncertainty in this respect, it is not sufficient to support a valid judgment. See the same author at p. 576. When the verdict was returned in that form, it was the duty of the court to point out this defect to the jury and send it back with directions either to assess the damages or else return a verdict for defendants. Since the court failed to perform that duty and the jury has been discharged, the judgment must be reversed. The case, therefore, will be remanded to the court below for such further proceedings as are not inconsistent herewith.

BEAN, C. J., and KELLY, J., concur.

ROSSMAN, J., dissents.

ROSSMAN, J. Resort should be had to the expensive and tedious work of a new trial only in the event that we cannot ascertain with reasonable certainty the jury's meaning as expressed by its verdict. Believing, as I do, that when the rules of construction which are applicable to verdicts and which yield to them liberal interpretations and resolve in their favor all reasonable intendments, the verdict's meaning is clear, I am of the opinion that the judgment of the circuit court should be affirmed. In *Snyder v. Portland Railway L. & P. Co.*, 107 Or. 673 (215 P. 887), where the verdict was in favor of the plaintiff in the sum of $1, although the uncontroverted proof showed that his damages were $832.52, the plaintiff argued that judgment should be entered in his favor in the latter sum, or he should be awarded a new trial. This court held that the verdict was virtually a verdict for the defendant. It pointed out "by it the plaintiff was given one dollar more than he was entitled to. * * * Evidently the jury intended to find what would amount to a verdict for the defendant and, at the same time, to impose upon the defendant the payment of the costs of the action. Otherwise, there could be no reasonable explanation of the verdict." The decision reviewed a number of other cases presenting substantially the same problem, including *Haven v. Missouri Ry. Co.*, 155 Mo. 216 (55 S. W. 1035), where the verdict was in favor of the plaintiff in the sum of one cent only. The court there also refused to set aside the verdict for the purpose of having the jury reassess the damages. See also *Gerlinger v. Frank*, 74 Or. 517 (145 P. 1069).

It cannot be said that the jury ignored the court's instructions upon the issues of damage because the jury twice took its pen in hand and wrote in the word

"no" in front of the word "dollars," thus clearly indicating that in its opinion the plaintiff had wholly failed to prove any damages. Had it inserted "$0.00" after the two words "no dollars" its meaning would have been no clearer. Unless damages were proven, the plaintiff was entitled to recover nothing. Based upon the same reasoning as that employed in the cases above cited, I am of the opinion that the judgment of the circuit court must be affirmed. I, therefore, dissent from the opinion of the majority.