Argued February 10; reargued March 31; affirmed April 6, 1938

# KLEIN *v.* MILLER

(77 P. (2d) 1103)

In Banc.

L. V. *Lundburg*, of Portland (Green, Tanner & Boesen, of Portland, on the brief), for appellant.

*Jerry E. Bronaugh*, of Portland, for respondent.

KELLY, J. This case is governed by the rule announced in the case of *McLean v. Sanders,* 139 Or. 144 (7 P. (2d) 981). In that case the verdict was: "We, the jury, duly impanelled to try the above entitled cause, find our verdict for the plaintiff and against the defendants, and assess plaintiff's general damages in the sum of no dollars, and further assess punitive damages against defendants in the sum of no dollars."

Speaking through Mr. Justice RAND this court said of that verdict:

"It is impossible to ascertain from this verdict whether the jury intended to find for the plaintiff or for the defendants. Because of its uncertainty in this respect, it is not sufficient to support a valid judgment." *McLean v. Sanders,* supra.

The only difference between the cases of *McLean v. Sanders* and the case at bar is that no counterclaim was asserted in *McLean v. Sanders* while in the case at bar defendant interposed a counterclaim.

The interposition of a counterclaim renders the verdict neither certain nor conformable with the provisions of the statute.

The statute provides:

"When a verdict is found for the plaintiff in an action for recovery of money, or for the defendant when a counterclaim for the recovery of money is established beyond the amount of plaintiff's claim as established, the jury shall also assess the amount of recovery." Vol. 1, Oregon Code 1930, § 2-405.

A verdict, which does not conform to this statute, confers no authority to render a judgment upon it: *Goyne v. Tracy,* 94 Or. 216 (185 P. 584).

In the case at bar the verdict is not for the defendant. Its assessment of "no damages" nullifies its effect as a verdict in favor of plaintiff. Being neither a verdict in favor of plaintiff nor a verdict in favor of defendant, it is in effect no verdict at all.

"A verdict in an action in which a money judgment is sought, whether by way of liquidated or unliquidated damages, which does not state specifically the amount to which the jury deem the plaintiff entitled, is not a verdict on which a valid judgment can be entered."

Abbott's Civil Jury Trials, p. 761, citing *Washington v. Calhoun*, 103 Ga. 675 (30 S. E. 434); *Sellers v. Mann*, 113 Ga. 643 (39 S. E. 11); *Ft. Wayne v. Durnell*, 13 Ind. App. 669 (42 N. E. 242); *Louisville & N. R. Co. v. Hartwell*, 99 Ky. 436 (36 S. W. 183, 38 S. W. 1041); *Miller v. Cappel,* 39 La. Ann. 881 (2 So. 807); *Burghart v. Brown*, 60 Mo. 24; *Gerhab v. White*, 40 N. J. L. 242; *Van Benthuysen v. DeWitt*, 4 Johns 213; *Murray v. King*, 30 N. C. (8 Ired L.) 528; *Ames v. Sloat*, Wright (Ohio) 577; *Neville v. Northcutt*, 7 Coldw. 294; *King v. McKinstry*, 32 Pa. Super Ct. 34.

The following cases also support the rule above quoted from Abbott's Civil Jury Trials: *Wheeler v. Moore,* (Tex. Civ. App.) 208 S. W. 678; *Bartle v. Plane,* 68 Iowa 227 (26 N. W. 88); *Chespeake O. & S. W. R. Co's Receivers v. Maddox,* 19 Ky. L. Rep. 966 (42 S. W. 1124); *Gaither v. Wilmer,* 71 Md. 361 (18 Atl. 590, 5 L. R. A. 756, 17 Am. St. Rep. 542) (citing Proff. Jury Sec. 415; 2 Tidd. Pr. 869; 1 Poe, Pl. & Pr. Sec. 758; *Clement v. Lewis,* 3 Brod. & B. 297); *Moore v. Evans,* 24 Idaho 153 (132 P. 971).

In the case of *Herr v. Kennedy,* 22 Ariz. 141 (195 P. 530), two verdicts, one for defendant and one for plaintiff, were held to be nonenforcible.

A doctrine has been declared in Minnesota contrary to that of *McLean v. Sanders,* supra: *Royal Indemnity Co. v. Island Lake Township of Mahnomen County,* 177 Minn. 408 (225 N. W. 291). There the surety on a defaulting contractor's bond completed the contract and sued for an alleged balance in excess of the amount paid by the township. The verdict was: "We, the jury in the above entitled action find for the plaintiff and assess damages in the sum of none dollars." This verdict was construed by the Minnesota court to be a verdict for the defendant.

To adopt the doctrine of the case last cited would have the effect of overruling *McLean v. Sanders,* supra, and *Goyne v. Tracy,* supra, which we are not prepared to do. Moreover, we find no Minnesota statute effective when the opinion was rendered in *Royal Indemnity Co. v. Island Lake Township,* supra, which requires a jury in making return of a general verdict to assess the damages sustained either by plaintiff or defendant.

■ It is argued by defendant that a distinction is apparent between *McLean v. Sanders,* supra, and the instant case because the element of alleged contributory negligence of plaintiff is not present in the earlier case while it is one of the defenses herein. Defendant says that, admitting that the defendant was negligent and the plaintiff did in fact suffer damages, he still might not be entitled to recover for these damages, because of his own negligence; hence, the verdict in the instant case is consistent with the law applicable to the case. The vice of this argument lies in the fact that the jury ought not to have found for the plaintiff unless the defendant was shown to have been negligent, that the negligence of defendant was the proximate cause of injury and resultant damage to plaintiff, and that plaintiff himself was not guilty of any contributory negligence. That is what a verdict for plaintiff in this case ought to mean. It cannot mean that the plaintiff was guilty of contributory negligence, or that plaintiff suffered no damages, or that defendant should recover a judgment for his costs and disbursements.

■■ Upon oral argument, Mr. Justice ROSSMAN, with his characteristic thoroughness and exactitude, called attention to the fact that in paragraph three of the complaint, wherein the personal injuries are set forth, the word, defendant, is used instead of the word, plain-

tiff, making it appear that defendant suffered those injuries, when obviously plaintiff intended to allege that plaintiff was the sufferer. The case was tried upon the assumption that there was a claim properly made for personal injuries suffered by plaintiff; and the inadvertent typographical substitution of the word, defendant, for plaintiff, when discovered for the first time during the oral argument upon appeal, should have no effect upon the result in the appellate court.

Aside from the attempted specific description of the alleged injuries to the person of plaintiff, there is an allegation in paragraph one of the complaint:

"That when he" (plaintiff) "had passed through the intersection of 25th and Fremont and had all but cleared Fremont street a car driven at a high and reckless rate of speed by the defendant, going in an easterly direction, crashed into the car so driven by this plaintiff, threw said car against the eastern curb of 25th avenue, turned the same over, completely demolished it, and *injured this plaintiff* as hereinafter stated." (Italics supplied.)

Moreover, there is a general allegation:

"That the carelessness and negligence of the defendant, as aforesaid, was the approximate cause of said accident, and plaintiff has been damaged thereby in the total sum of $1,000."

It is plain that the complaint stated a cause of action and that the amount in controversy is in excess of $250. The motion of defendant to dismiss the complaint is overruled; and the order of the circuit court setting aside the verdict and judgment and granting a new trial is affirmed.

BAILEY, J., specially concurring.

ROSSMAN, J., dissenting.

BAILEY, J. (specially concurring). Were the present question raised here for the first time, I should be inclined to the opinion that the court could say from the verdict that it was the intention of the jury to find that the plaintiff had suffered no damages and that the court in the first instance did not err in entering judgment for the defendant for costs, but that it did err in later setting aside that judgment and ordering a new trial.

The decision of this court in *McLean v. Sanders*, 139 Or. 144 (7 P. (2d) 981), is determinative of the question raised on this appeal, unless the majority of the court is willing to overrule that case. I should even be willing to accede to the overruling of precedent, if my doing so would result in making that action the decision of the majority. Since, however, the majority of this court is in favor of following the law as laid down in *McLean v. Sanders*, supra, no good purpose would be served by my concurrence in the dissenting opinion in this case. For the reason herein stated, I concur in the result reached by the majority opinion.

---

ROSSMAN, J. (dissenting). Although I entertain great respect for the learning of Mr. Justice KELLY, author of the majority opinion, and for Mr. Justice RAND, writer of the opinion entitled *McLean v. Sanders*, 139 Or. 144 (7 P. (2d) 981), upon which the majority rely, I cannot bring myself into accord with their views. If any principle of substantive law were involved I would feel it to be the duty of one who had dissented in *McLean v. Sanders* to now deem the question settled and the law to be as therein expressed. But no principle of law was involved in *McLean v. Sanders* upon which men rely in making their wills, acquiring property,

writing contracts, paying taxes, etc. In short, nothing was involved except the construction of a verdict. That being true, the doctrine of *stare decisis* is of doubtful application to that decision.

There are no peculiar rules which govern the construction of a verdict. All concerned with it attempt to ascertain the meaning of what is there stated. No rules should be resorted to which will lead to novel results. In fact, courts lean a little more to liberality in seeking to sustain the verdict, and are more inclined to find certainty where they might otherwise suspect the presence of ambiguity than in construing any other instrument. Good reason sustains this attitude. An expensive, time-consuming trial has been undergone and resort should not be had to another unless the verdict's meaning is so obscure that there is no alternative. The authorities to this effect are many—there are no dissents. In this state Mr. Justice BEAN expressed the thought well when he said in *Lew v. Lucas*, 37 Or. 208 (61 P. 344):

"A verdict should be construed liberally. * * * If the meaning of the jury can be ascertained and the point in issue can be concluded from its verdict the court will, however informally it may be expressed, mold it into form, and make it serve."

Constant recourse to retrials is one of the greatest evils of our jurisprudence. It contributes its part to crowded dockets, delays justice, wears out the patience of those who seek nothing but justice, and supplies fuel to those who criticize the courts. The rule expressed by Mr. Justice BEAN lessens this evil. In the present instance, this cause was first tried in the district court of Multnomah county. Upon appeal to the circuit court a trial occurred, resulting in a disagreement. Upon retrial the present verdict was reached, and now, al-

though the jury, in response to the plaintiff's prayer for damages, answered "No damages", it is proposed that the cause should be remanded so that the tedious, expensive process may be repeated.

The plaintiff was not entitled to a judgment unless he proved (a) that the defendant owed him a duty; (b) that the defendant had breached that duty; and (c) that the breach of duty inflicted an injury upon the plaintiff for which damages were recoverable. All three of these elements were necessary; otherwise no cause of action existed. Had the jury, in response to a special interrogation, answered that the plaintiff had sustained no damages, that would have ended the matter and the plaintiff would have recovered no damages. The present verdict is equally understandable.

The record makes it clear that all who were concerned with this cause construed the verdict as one for the defendant. Upon its receipt counsel for the two sides were present and no request was made that the jury be required to retire and express their findings in any other way. To the contrary, a request was made that the jury be polled. What for, unless everyone understood the significance of the term, "No damages"? The jury was polled. Nothing more was said and the verdict was filed. By silence the plaintiff waived his right to a verdict couched in any other form. (64 C. J., Trial, p. 1110, § 916.) Next, all retired from the courtroom, and a day or two later a judgment in favor of the defendant was entered.

The course of events just enumerated renders significant the following passage found in the respondent's (plaintiff's) brief:

"When the trial of this case closed and the instant verdict was returned the authorities were not at hand and the verdict was received and the jury discharged."

In other words, until the authorities had been con-, sulted everyone knew the meaning of the verdict. Time after time the courts have declared that the rules of construction cannot be resorted to for the purpose of rendering ambiguous that which is clear.

But if we must resort to the authorities before we believe that we are able to understand the verdict, let us take a decision which passed upon an identical matter —*Royal Indemnity Co. v. Island Lake Tp.*, 177 Minn. 408 (225 N. W. 291). The only difference of interest to us between the verdict in that case and our present one is that there the jury wrote in the word "none", while in the present instance they wrote in the two words "No damages". The Minnesota court made short work of disposing of the contention that the verdict was ambiguous. It said, after quoting the verdict:

"In a case like this there are usually sent out to the jury two printed forms of verdict, one finding for the plaintiff with a blank space therein in which to insert the amount of damages found for the plaintiff, the other a verdict for defendant. The jury used the first form, simply inserting the word 'none' in the blank space. It is clear that the intention of the jury, by the verdict returned, was to find that plaintiff was not entitled to any damages against the defendant. It had the same effect as, and was in fact though not in form, a verdict for defendant. The court might well have had the verdict corrected before being finally received and recorded. It was not, however, necessary."

In *Reynolds et al. v. Kanzler*, 126 Or. 245 (269 P. 230), there was before this court a similar verdict. There, too, the jury wrote before the dollar sign the word "none". But, though the circumstances in that case were far more complicated than the circumstances in either the Minnesota or the instant case, this court

experienced no difficulty in understanding the meaning of the jury. We now quote the verdict:

"We, the jury, duly empaneled and sworn to try the issues in the above entitled case, do hereby find as follows, to wit:

"On plaintiffs' first cause of action we find that plaintiffs, Richard P. Landis and Mabelle E. Landis, are entitled to recover of and from the defendants, James A. Reynolds and Minerva D. Reynolds, damages in the sum of $2,854.49.

"On plaintiffs' second cause of action we find that plaintiffs, Richard P. Landis and Mabelle E. Landis, are entitled to recover of and from the defendants, James A. Reynolds and Minerva D. Reynolds, damages in the sum of $*None*. (Signed) William P. Lacy, Foreman."

\* \* \*

"We, the jury empaneled to try the above entitled action, find for the defendants in the sum of $2,975."

In holding that the verdict's meaning was clear, the decision stated:

"When the findings recorded above are read in the light of the pleadings, there is neither uncertainty, ambiguity nor indefiniteness therein. Each party to the litigation alleged certain causes of action against the other; and these verdicts represent the expressed intention of the jury. In the plaintiffs' first cause of action the jury decided, according to the verdict, that plaintiffs were entitled to recover from defendants the sum of $2,854.49. In the accompanying verdict covering the defendants' cause of action, the jury manifestly intended to find that the defendants were entitled to recover from plaintiffs the sum of $2,975. So that, according to these verdicts, the defendants are entitled to recover of and from the plaintiffs the amount remaining after deducting $2,854.49 from $2,975. \* \* \*"

*Schwab v. Nordstrom,* 138 Kan. 497 (27 P. (2d) 242), was an action for damages for assault and battery. There were two defendants and each of them, after denying liability to the plaintiff, sought by a cross-petition to recover similar damages from the plaintiff, claiming that he was the aggressor. The court, referring to the verdicts, stated:

"* * * Later the jury returned three verdicts. One was for the plaintiff and against both defendants, and assessed plaintiff's recovery at 'no damages actual or punitive and assess one-third (1/3) of the court costs to the plaintiff.' Another verdict was in favor of John Nordstrom against the plaintiff, and the amount of his recovery was fixed at no damages actual or punitive, and one-third of the costs were assessed to him. The third verdict was in favor of Ruben Nordstrom against the plaintiff, and the amount of his recovery was assessed at no damages actual or punitive, and one-third of the costs were assessed to him.

"The parties agree that the efforts of the jury to assess costs should be treated as surplusage."

In sustaining the verdicts, the court said:

"Appellant argues that, when the jury found in favor of plaintiff and against each of the defendants, it was error not to assess some damages, hence that the court should not have received the verdict, or that a new trial should have been granted. * * * While the forms of the verdicts are awkward, considering all of them, it is clear that the jury found that none of the parties claiming damages had made out a case in which he was entitled to recover damages. That is the view taken by the trial court. There is evidence in the record from which the verdicts as so interpreted can be harmonized. While plaintiff was the more severely injured, there is evidence, although conflicting, from which the jury might very well have found that plaintiff was the aggressor, and for that reason not entitled to recover any sum as damages.

With respect to the verdicts for each of the defendants, without allowing them damages, these may be sustained upon the view that, although plaintiff was the aggressor, the actual damage sustained by each of the defendants was inconsequential.''

*Hallinan v. Prindle*, 17 Cal. App. (2d) 656 (11 P. (2d) 426), was a malpractice action in which the defendants were a surgeon, a nurse and the hospital in which the plaintiff had received treatment. The verdict follows:

''We, the jury in the above entitled cause find for the plaintiff as follows: Against Kirk H. Prindle in the sum of $ no dollars. Against Church of St. Matthew Mills Memorial Hospital, a corporation, in the sum of $10,000. Against Ann M. MacKinnon in the sum of $ no dollars.''

After its receipt plaintiff's attorney moved that the court require the jury

''to find a different verdict, for the reason that this verdict is void and invalid, that the jury cannot apportion the damages, that they should find a verdict against the three defendants and assess the entire sum of $10,000 against all three defendants.''

The motion was denied. Later the hospital moved that judgment be entered in its favor, notwithstanding the verdict, because (1) it was a charitable institution, and (2) that since the nurse, its employee, had been held not liable it, too, was entitled to judgment. The motion was granted and thereupon the plaintiff appealed. In sustaining the verdict, the court, on appeal, said:

''The verdict was but an awkward statement that the plaintiff take nothing as against the two defendants Prindle and MacKinnon. The same point was made before the supreme court of Minnesota.''

It then quoted from *Royal Indemnity Co. v. Island Lake Tp.*, supra, the paragraph which we have already set forth. See to same effect *Haydel v. Morton*, 8 Cal. App. (2d) 730, (48 P. (2d) 709).

In *Snyder v. Portland Railway L. & P. Co.*, 107 Or. 673 (215 P. 887), the plaintiff, who alleged that his truck was damaged as a result of the negligent operation of one of the defendant's cars, averred damages amounting to the sum of $832.52. While the cause of the collision was contested upon the trial, the amount of the damages was not. The jury returned a verdict in favor of the plaintiff in the sum of $1. The plaintiff then filed an alternative motion, moving (1) for judgment notwithstanding the verdict, or, failing in that, (2) for a new trial. It was denied. In sustaining the judgment, this court, speaking through Mr. Justice RAND, said:

"This verdict, however, was virtually a verdict for the defendant. By it the plaintiff was given one dollar more than he was entitled to."

Had the jury in the present instance given the plaintiff one dollar more than he was entitled to, the two situations would be alike. Instead of writing in the word "one" they used "no". The difference is not one of principle—the difference is one dollar.

Even a hurried search through the authorities has revealed many decisions similar to *Snyder v. Portland Railway L. & P. Co.* In all of them one dollar verdicts for the plaintiff, where the uncontradicted evidence showed that his real damages amounted to much more, were construed as verdicts for the defendant. They illustrate the manner in which courts ignore legalistic reasoning in interpreting the effect of the jury's finding and substitute in its stead practical common sense.

These decisions, two of them being our own, experienced very little difficulty with verdicts substantially similar to the one before us. The majority do not mention them, with the exception of the Minnesota decision, but rely upon *McLean v. Sanders*, supra. I dissented therein and have not changed my opinion. But the majority's opinion is, in effect, an extension of that decision. In that case no counterclaim had been filed, and neither the doctrine of contributory negligence nor of unavoidable accident was applicable. In the present case the counterclaim or either of the doctrines just mentioned may readily account for the verdict—at least if we forget the technical expression of the law and employ laymen's words. The latter rather than the former are familiar to a jury. In adhering to *McLean v. Sanders*, supra, the majority brush aside unmentioned *Reynolds v. Kanzler*, supra, and *Snyder v. Portland Railway L. & P. Co.*, supra. Presumably those decisions are overruled.

The statute upon which the majority depend (§ 2-405, Oregon Code 1930) clearly was not intended to inaugurate a rule of the kind which the majority attribute to it.

It must seem strange that the law, which experienced no difficulty with the erroneously drafted complaint, gags upon the words ''no damages''. The complaint alleges that as a result of the collision ''the defendant was left bleeding, bruised and in great pain   *   *   *.'' We repeat, the complaint alleges ''the defendant'', not the plaintiff, was injured. Yet, notwithstanding the fact that the complaint alleged an injury to the defendant and not to the plaintiff, the cause made its way without difficulty through the district court, then through two trials in the circuit court, and finally made

its way to this court. We repeat, it is strange that the law must gag upon the words "no damages" but experiences no difficulty with the complaint which seeks damages for the plaintiff upon an averment that the defendant was the injured person. The majority say that it is obvious that the plaintiff meant himself when he alleged that the defendant was the injured person. It is equally obvious that this is a verdict for the defendant.

I dissent.