30187.   HARRELL *v.* BOWMAN.

DECIDED SEPTEMBER 25, 1943.

*Allen B. Spence,* for plaintiff in error.
*Herbert W. Wilson, Harry M. Wilson,* contra.

SUTTON, J.   R. D. Bowman sued G. W. Harrell in a justice's court in Ware County, for damages to his automobile in the sum of $92.59, alleged to have been caused by the negligence of the defendant. An itemized statement of the claim for damages to the

plaintiff's automobile was set out in his petition. The defendant filed a plea and answer in which he denied any liability to the plaintiff, and by way of a cross-action set up that the plaintiff had damaged his automobile in the sum of $83. A jury in the justice's court returned the following verdict: "We, the jury, award the plaintiff 50% of the amount of the claim." The following judgment was rendered by the justice of the peace: "Whereupon it is ordered and adjudged that the above verdict as rendered be and is hereby made the judgment of the court." An execution was issued upon the judgment for $43.05 and costs, and was levied upon certain property of the defendant. The defendant filed an affidavit of illegality, in which it was alleged that the execution issued illegally and was proceeding illegally because the verdict rendered by the jury and the judgment rendered by the court were void for uncertainty, in that no amount was specified therein, whereas the execution was issued for $43.05 principal, and $5.45 costs, and did not follow the judgment, and that the court was without authority to issue the execution for a specific amount. The plaintiff tendered an amendment to the judgment and execution. The court disallowed the amendment and sustained the affidavit of illegality. The plaintiff carried the case to the superior court by certiorari, and assigned error on the disallowance of his amendment and on the judgment sustaining the affidavit of illegality. The judge of the superior court sustained the certiorari, on the ground that the lower court erred in sustaining the affidavit of illegality, and the exception is by the defendant to that judgment.

■ ■ The plaintiff in error contends that the verdict is void for uncertainty, in that no amount is specified therein, and that the judgment is void for the same reason. It was held in *Mayor & Council of Washington* v. *Calhoun,* 103 *Ga.* 675 (30 S. E. 434), that "A verdict rendered in an action for unliquidated damages must expressly state the amount to which the jury deem the plaintiff entitled, or no lawful judgment can be entered thereon." But that ruling is not controlling authority in the case at bar, as contended by the plaintiff in error. In the present case the verdict was for fifty per cent. of the amount of the claim. The amount of the claim for damages to the automobile for which the action was brought was $92.59, and an itemized statement of the alleged damage to the car was set out in the plaintiff's petition. "Verdicts

shall have a reasonable intendment and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. A verdict is certain which can be made certain by what itself contains, or by the record. *Giles* v. *Spinks,* 64 *Ga.* 205. And when a verdict may by a reasonable construction be understood, and a legal judgment entered thereon, it is sufficient under the statute. *Peninsular Naval Stores Co.* v. *State,* 20 *Ga. App.* 501 (93 S. E. 159). The verdict in question is not void for uncertainty. It can be made certain by what it contains and from the record. The amount of the verdict can be determined by a simple mathematical calculation. The verdict expressly states that it is in favor of the plaintiff for 50% of the amount of the claim. The amount of the plaintiff's claim or action for damages to his car is $92.59, and the meaning and reasonable intendment of the verdict is that it is for one half of that amount, which is $46.29. By placing a reasonable construction on the verdict, it could easily be understood, and a legal judgment could be entered thereon. The verdict was made the judgment of the court, but the execution issued thereon was for $43.05 instead of being for $46.29. This discrepancy, however, was in favor of the defendant, and can not be taken advantage of by him for the purpose of contesting the validity of the execution. The execution was not subject to the defendant's affidavit of illegality.

Under the law and the facts, the court did not err in sustaining the certiorari.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*