**Ike NEAL, Appellant (Plaintiff below),**

v.

**Gordon L. WAILES, Appellee (Defendant below).**

No. 2845.

Supreme Court of Wyoming.

Nov. 10, 1959.

George W. Hufsmith and Robert A. Hufsmith, Jackson, for appellant.

A. Joseph Williams, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

This is an action brought by Ike Neal, plaintiff herein, against Gordon L. Wailes, defendant, to recover damages in the sum

of $1,885 by reason of the death caused by the defendant herein of three animals on a highway. The case was tried commencing on July 13, 1957. Judgment was entered on July 31, 1957, in favor of the defendant pursuant to a verdict of a jury and from that judgment the plaintiff, Ike Neal, has appealed to this court. The parties will be mentioned herein as in the court below.

The action herein was commenced on December 10, 1955. In the petition plaintiff alleged that on or about July 1, 1955, at about 8:30 p. m., some fifteen head of livestock of plaintiff were along the highway a short distance from the town of Jackson in Teton County in this state and were being driven by Donald K. Hart, an employee of the plaintiff, the intention being to drive the animals through a gate located on the north side of the highway and onto the property where the animals were being pastured; and at that time the defendant drove an automobile along the highway at an unlawful speed and negligently killed three of plaintiff's animals, namely, a red sorrel registered quarter mare of the value of $1,500, an Appaloosa horse of the value of $350 and a jenny burro of the value of $35. Judgment was asked for the sum of $1,885.

The defendant filed an answer in the case denying the allegations of the petition and in a cross-petition alleged that on account of plaintiff's negligence the defendant's automobile was damaged in the sum of $1,425. The negligence set forth is that plaintiff allowed his horses to wander along the highway in violation of § 11–507, W.S.1957 (§ 56–1813, W.C.S.1945), which forbids livestock to run at large in a fenced public road; that the plaintiff was negligent in not providing some warning lights or signals to indicate the presence of animals on the highway; and that the plaintiff knew or should have known with exercise of due care that automobiles traveling upon the highway could not have seen the horses, particularly when blinded by the lights of oncoming traffic.

At the close of the evidence in this case, plaintiff moved for judgment and after the return of the verdict moved for judgment notwithstanding the verdict of the jury. These motions were overruled.

1. It is contended by counsel for the plaintiff that no negligence on the part of the plaintiff was shown in the case, but that the uncontroverted evidence herein shows that the defendant in driving his automobile was negligent as a matter of law when he killed the animals of plaintiff on the highway. It appears that on the night of July 1, 1955, when it was dark, defendant started out driving west of the town of Jackson, having with him three passengers. There seems to have been some curve at the place where the animals herein mentioned were killed. The extent of the curve has not been shown in the record, so we are unable to say whether or not that should have made some difference in the rate of speed at which defendant drove his automobile. When he started west out of the town of Jackson, he was driving at the rate of approximately thirty-five miles an hour which, according to his testimony, was subsequently increased to about sixty miles an hour. The sheriff of the county believed the speed of the car to have been somewhat greater although he did not testify as to the exact rate of speed. Defendant met four or five automobiles traveling toward Jackson at the ordinary rate of speed. He dimmed his lights and after the last of the oncoming cars had passed, he struck the burro heretofore mentioned and lifted his foot from the accelerator of the car. He next struck and killed the Appaloosa horse. The door on his left flew open. He was thrown out of the car and skidded along the road some seventy-five feet. The automobile thereafter struck the mare, went off the road, hit a pole and stopped in some willows along the road. All of the occupants of the car apparently were taken to the hospital thereafter. Just how severely the occupants were injured does not appear nor is it material in this case.

As above stated, it is contended that under these facts the defendant was

guilty of negligence as a matter of law in killing the animals. The jury found to the contrary. The presence of the animals on the highway in the dark of the night is, to say the least, very unusual. A traveler along the highway in a car at night would hardly be expecting to find animals in his path. It is not proper for this court in a case tried before a jury to exercise any authority beyond the periphery of its ordinary power but leave to the jury the function of finding the facts as heretofore exercised under the rules of common law, reconciling the conflict in the evidence, and drawing its own inference, if more than one inference is permissible. We believe that the case at bar presents no exception and that we should follow the ordinary rule. We cannot, we think, say that as a matter of law the defendant was negligent at the time of the accident heretofore mentioned.

· 2. Section 3–2421, W.C.S.1945 (superseded, Rule 87, Wyoming Rules of Civil Procedure 1957) provided that: "When, by the verdict, either party is entitled to recover money of the adverse party, the jury, in its verdict, must assess the amount of recovery." Section 3–3606, W.C.S.1945 (superseded, Rule 87, Wyoming Rules of Civil Procedure 1957) required that: "When a counter-claim or set-off established at the trial exceeds the plaintiff's claim so established, judgment for the defendant must be given for the excess; or, when it appears that the defendant is entitled to any affirmative relief, judgment shall be given therefor."

■ Counsel complain that the court failed to give the proper instruction in order to carry out the provisions of the foregoing statutes and that it presented only two forms of verdict to the jury, one finding for the plaintiff in the amount of ——— dollars and the other for the defendant in the amount of ——— dollars. The record in this case does not show as to what and how many forms of verdict were given to the jury by the court, and we cannot, accordingly, consider the objection here made. · See in this connection 64 C.J. 1062

and 89 C.J.S. Trial § 492. Plaintiff in this case failed to ask for any additional instructions on the part of the court and evidently stood by and permitted the court to submit to the jury its forms of verdict without making any objection. Plaintiff should hardly be permitted at this late date to complain of an error, if any there was, which could easily have been avoided by a simple request on the part of his counsel in the case. It is stated in 53 Am.Jur. Trial § 1035, p. 716, speaking of the opportunity of counsel to know of the forms submitted (as they had in the case at bar): "If no objection is made by counsel at such time, it is usually considered that objections as to form are waived." That should at least be true where, as in this case, the verdict rendered by the jury is quite clear, and we cannot see how the plaintiff was in any way prejudiced by reason of the matters herein mentioned by his counsel.

■ 3. The verdict returned by the jury in the case at bar was as follows: "We, the jury in the above entitled action, find for the Defendant, and against the Plaintiff, and assess his damages in the amount of nothing. /s/ Burr Robins, Foreman." Since the finding against the plaintiff would give no occasion for assessment of any damages in his favor, the clause "and assess his damages in the amount of nothing" would seem to relate to the defendant. In other words, though the jury found in favor of the defendant, nevertheless they did not want to give him damages. This matter will again be referred to later. Judgment was rendered in the case, reciting that the case was submitted for determination to a jury and that the jury returned the following verdict: "We, the Jury in the above entitled action, find for the Plaintiff and against the Defendant and assess his damages in the amount of nothing." The judgment thereupon further stated: · "It is, therefore, hereby ordered, adjudged and decreed by virtue of the law, the premises and said verdict, that the Plaintiff have and take nothing of or from the Defendant, Gordon L. Wailes; each party to pay his own costs." It may be noted that the court in

its judgment recited that the jury returned a verdict finding for the plaintiff. This was clearly merely a clerical error and is not controlling herein. The decretal portion of the judgment follows the verdict and it is that portion which is controlling. Holmes v. Holmes, 66 Wyo. 317, 211 P.2d 946.

■ 4. It is the contention of counsel for plaintiff that the verdict rendered herein is void in view of the fact that it awarded "nothing" by way of money-damages and is in violation of the provisions of § 3-2421, W.C.S.1945, heretofore quoted. Counsel for plaintiff rely in the main upon Klein v. Miller, 159 Or. 27, 77 P.2d 1103, 116 A. L.R. 820, in which the court held that where the verdict does not conform to the statute (Vol. 1, Oregon Code 1930, § 2-405) it confers no authority to render a judgment thereon. The Oregon statute is substantially like that in Wyoming. For other cases involving a similar statute, see Annotation, 49 A.L.R.2d 1328, 1329, 1330. But the holding of the Oregon court in the foregoing case is virtually overruled by the case of Fischer v. Howard, 201 Or. 426, 271 P.2d 1059, 49 A.L.R.2d 1301. In that case it was held that a verdict expressing a finding for the plaintiff but awarding no damages would be construed, in the absence of a recommitment to the jury, as a verdict for the defendant. The court further held that where counsel for the losing party had an opportunity to object to the irregularity of a verdict and had failed to do so he is estopped from subsequently objecting to the irregularity and that all the court is required to do is to determine as to what the jury actually intended to find. The verdict in the case at bar is not for the plaintiff but for the defendant. If it had merely stated that it found in favor of the defendant without assessing any damages as indicated in Fischer v. Howard, supra, and other cases in Annotation, 49 A.L.R.2d 1328, 1334, then perhaps the verdict might be construed as saying that the verdict was in favor of the plaintiff, but that is not a fact. It not only found in favor of the defendant but expressly found against the plaintiff, and so there can hardly be any question as to what the jury intended to find. Annotations on the subject before us are found at 116 A.L.R. 828 et seq. and 49 A.L.R.2d 1328 et seq. These annotations set out many cases in which a verdict was held to be such that no judgment could be rendered thereon and many cases in which it was held that the verdict was such in which a judgment could probably be entered pursuant to the verdict.

■ Counsel cite us to Foster v. Fremont Natural Gas Co., 36 Wyo. 436, 256 P. 665, 667, in which this court stated:

"Under statutes of this character, where the amount of recovery is definitely in issue, it has been generally held that a verdict 'for the plaintiff,' without fixing the amount, does not authorize the court to enter judgment for any amount. * * *"

We have no fault to find with that holding. That should probably generally be the rule even in the absence of a statute, since the jury is the fact-finding body. So in this case, even though the jury found for the defendant, it failed to find any amount of damages, and the trial court would not have been justified in assessing any amount. It is true that a verdict must be intelligible and consistent with principles of law, but it should not be set aside for a mere technicality. Schwab v. Nordstrom, 138 Kan. 497, 27 P.2d 242; 89 C.J.S. Trial § 496, p. 158. In 53 Am.Jur. Trial § 1036, pp. 716, 717, it is said:

"* * * The jury's intent is to be arrived at by regarding the verdict liberally, with all reasonable intendments in its support and with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. In the interpretation of an ambiguous verdict, the court may make use of anything in the proceedings that serves to show with certainty what the jury intended, and for this purpose, reference may be had, for example, to the pleadings, the evidence, the admissions of the parties, the instructions, or the forms of verdict submitted."

Tested by these rules, we think the verdict in the case at bar is clear, and judgment was properly entered pursuant thereto. Furthermore, we can see no sufficient reason why the plaintiff herein should complain of the fact that no judgment for any amount was rendered in favor of the defendant herein pursuant to the verdict. The defendant in this case is not complaining that he was not awarded damages, and we can see no valid reason why the plaintiff should complain of that fact.

Counsel for plaintiff contend that the verdict herein was a compromise verdict in view of the fact that no amount was found due in favor of the defendant and, hence, the verdict should be condemned, citing 53 Am.Jur. Trial § 1033. We do not think that the verdict herein was a compromise verdict. We think that the jury knew what it was doing and that it acted intelligently. As we have heretofore noted, it was justified in finding against the plaintiff on the facts mentioned in his petition. At the same time the jury did not feel justified in giving the defendant any damages on account of the destruction of his automobile. In other words, the verdict should be construed as one in which the jury found that neither party should be entitled to recover. Chapin v. Foege, 296 Ill.App. 96, 15 N.E.2d 943; Schwab v. Nordstrom, 138 Kan. 497, 27 P.2d 242. In the case at bar, the horses which were found upon the highway had escaped from the enclosure in which they had been kept. The owner sent a young man by the name of Hart to drive the horses back into the enclosure. He did not succeed in doing so, but the jury evidently believed that under the circumstances the owner did all that could be reasonably required of him under the circumstances; that it was not his fault that they were on the highway at the time mentioned; and that considering the situation as a whole the accident should rather be considered as an unavoidable one and did not justify an assessment of damages in favor of the defendant for the destruction of his automobile. We cannot say that this view was unreasonable and it is not, accordingly, necessary to consider as to whether defendant properly pleaded contributory negligence.

Considering the situation as a whole, we think the judgment of the trial court should be affirmed and that is accordingly ordered.

Affirmed.