ROBERTSON, APPELLEE, *v.* THE CITY PRODUCE & COMMISSION CO., APPELLANT.

(No. 1118—Decided November 30, 1945.)

*Mr. D. W. Myers* and *Messrs. Glitsch & Stack,* for appellee.

*Mr. Frank E. Stevens* and *Messrs. Duncan & Thomas,* for appellant.

WASHBURN, P. J.  John H. Robertson, an accountant, while performing professional services on the premises of his client, The City Produce & Commission Company, in the city of Lorain, was injured by falling over a small, low-platform hand truck, used by said company in the prosecution of its business.

He suffered said injuries as he stepped from the office into a narrow hallway, which, according to the evidence, was poorly lighted.

He sued the company to recover damages for such injuries.

After issues were joined and the company had taken the deposition of Robertson, he died from causes not connected with his injuries, and the action was revived in the name of his wife, who was the administratrix of his estate.

The injuries were severe, and were of a permanent nature.

The jury trial resulted in a verdict against the company for $1,500 damages; and the jury, in answer to interrogatories submitted at the request of the company, found that Robertson did not look to see what was ahead of him before he stepped from the office into the hallway, and that, if he had looked to see what was ahead of him before he stepped into the hallway, he would have seen the truck in front of him.

The company filed a motion for judgment in its favor notwithstanding the verdict, and a separate motion for a judgment on the special findings of fact; and then later, but within time, a motion for a new trial. The trial court denied all of the motions, and rendered judgment on the verdict.

The case was submitted upon the evidence adduced by the plaintiff, except for some photographs introduced by the company.

One claim of counsel for the company is that there was no evidence of negligence on the part of the company. We hold that they are mistaken in that claim. We regard this as a case where active negligence on the part of the company was proved.

Another claim is that the court erred in not granting a motion of the company for a judgment upon the answers to the interrogatories.

Such judgment could not have been properly entered

upon said special findings unless the facts therein found justified a verdict for the company and such facts were clearly irreconcilable with the general verdict; if the answers to the questions submitted to the jury were, upon any reasonable hypothesis, consistent with the general verdict, the general verdict cannot be disregarded and a judgment entered upon the special findings of the jury.

In determining whether the special findings of the jury are inconsistent with the general verdict, the trial court is not permitted to take into consideration the evidence in the case, and in determining whether the trial court committed error in granting or refusing to grant said motion, this court is not permitted to look to the evidence in the case. In determining whether the trial court was in error in this respect, we can consider only the issues made by the pleadings, the general verdict and the special findings.

The ultimate fact that would justify the granting of the motion for judgment on the findings is that Robertson was guilty of negligence by not looking to see what was ahead of him before he stepped from the office into the hallway. The jury did not so find, because they rendered a judgment in favor of Robertson, which, under the charge of the court, they could not have done if they had found he was guilty of contributory negligence. The matter is therefore resolved into the question of whether or not Robertson, in doing what the interrogatories found he did do, was guilty of negligence as a matter of law.

In support of the claim that he was, counsel for the company argue that one who, in an office building, opens a door and walks into the hall, is guilty of negligence as a matter of law if he fails to look down to the floor in front of him—and this, too, regardless of any knowledge on his part, or any circumstances which

should lead him to suppose or expect, that there would or might be an obstruction in his path.

We do not agree with that statement. The mere facts revealed by the answers to said two questions, unaided by any evidence of other facts and surrounding circumstances, do not indicate negligence to such a degree of certainty as to justify the conclusion that reasonable minds could reach no other conclusion than that of negligence.

We find that the court did not err in refusing to render judgment on the interrogatories in favor of the company. The jury in this case, notwithstanding the answers they made to the interrogatories, determined that the circumstances were such that Robertson's failure to look was not negligence.

Error is also claimed because the court failed to grant the company's motion for a judgment notwithstanding the verdict.

In justification of the general verdict, the evidence in the record is available for consideration, and from that we learn that the only evidence as to the conduct of Robertson was furnished by a reading of the deposition of Robertson, taken by the company; and his evidence was plain and understandable, and there was no evidence to the contrary. He testified that when he came back to the office that noon, there was one of the low trucks that were used in the business of the company standing in the hall between the opposite hall doors of the two offices, and close to the hall door to the office which he was using, and that he put that truck out of the hallway and into the large storeroom, and that he then entered his office, and then, after about three to five minutes, he had occasion to cross the narrow hallway, which had no artificial light and which was poorly lighted by natural light, and that he opened the door and looked ahead of him, but that he

did not look down to the floor, and that he fell over the low truck and was injured.

After a consideration of the evidence, a substantial part of which has been narrated, we are of the opinion that whether or not Robertson was negligent was a question concerning which reasonable minds could reach different conclusions, and for that reason the court did not commit prejudicial error in overruling the motion filed by the company for judgment notwithstanding the verdict.

We are also of the opinion that the findings of the jury that the company was negligent and that Robertson was not guilty of contributory negligence are not manifestly against the weight of the evidence, and that the court did not commit error in rendering judgment on the verdict.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.