RIDENOUR, APPELLANT, *v.* LILE, APPELLEE.

(No. 937—Decided October 17, 1952.)

*Messrs. Campbell, Thompson & Finefrock,* for appellant.

*Mr. Howard A. Traul,* for appellee.

AHL, J.  Plaintiff in the trial court instituted an action against the defendant on an account, claiming there was due him from the defendant the sum of $1,764.24, with interest from April 25, 1951, for seven cows sold and delivered by plaintiff to defendant.

To this petition, defendant filed an answer and cross-petition.

Defendant's answer denies each and every allegation in plaintiff's petition.

For his cross-petition, defendant adopts the allegations of his answer, and alleges that on April 25, 1951, plaintiff sold at a public sale held on plaintiff's farm near London, Ohio, certain cows which plaintiff represented to be free from tuberculosis and Bangs disease; that plaintiff represented further that such cattle had been tested by the state of Ohio, and tested negative; that defendant attended such sale and, relying upon plaintiff's published and oral representations concerning the cattle, purchased seven cows, all of which were either afflicted with Bangs disease or had been exposed to the same.

Defendant alleges further that the cattle were delivered to him at the Spot Farm, Logan county, Ohio, where defendant conducts a registered cattle sales business, that the cattle shortly after arrival at the farm showed the effects of Bangs disease, and that upon being tested they were found to be afflicted with such disease or to have been exposed thereto.

Defendant avers that by reason of the false and fraudulent representations of plaintiff, defendant's

registered cattle were afflicted and defendant's premises were contaminated with the dangerous, communicable and infectious Bangs disease; that his business of selling registered cattle has been disrupted and curtailed; and that he has been compelled to sell a substantial number of registered breeding cattle for slaughter on account of said cattle being afflicted with Bangs disease, which was communicated to them from the cattle purchased by defendant from plaintiff.

Defendant alleges further that by reason of plaintiff's false, fraudulent and wrongful conduct defendant has been compelled to expend $1,000 for the testing and treatment of his cattle, and that he has been damaged in the amount of $30,000 by reason of the loss in value of his cattle and the disruption and curtailment of his business of selling registered breeding cattle.

Defendant, in his cross-petition, prays for a judgment against the plaintiff in the sum of $31,000.

To this cross-petition, plaintiff filed a reply wherein he denies each and every allegation contained in the cross-petition.

At the conclusion of plaintiff's case in chief, defendant's motion for a verdict in his favor was overruled by the court.

At the conclusion of all the testimony, plaintiff's motion that the jury be instructed to return a verdict in favor of the plaintiff upon defendant's cross-petition was overruled by the court.

Upon the issues raised by the pleadings, testimony, exhibits, and the charge of the court, the cause was submitted to the jury which returned the following verdict, agreed to by all twelve members thereof:

"We, the jury, being duly impaneled and sworn, find upon the issues joined between the plaintiff and

defendant upon the matters set out in the plaintiff's petition, in favor of the defendant.

"We further find upon the issues joined between the defendant and the plaintiff upon the matters set up in the defendant's answer and cross-petition, in favor of the defendant, and that there is due to the defendant from the plaintiff the said E. M. Ridenour, the sum of no dollars.

"And we do so render our verdict upon the concurrence of 12 members of our said jury, that being three-fourths or more of our number. Each of us said jurors concurring in said verdict signs his name hereto this 1st day of May, 1952."

Plaintiff's motion for a judgment notwithstanding the verdict was overruled by the court and judgment was rendered as follows:

"This matter came on for further hearing on plaintiff's motion for judgment upon the pleadings, notwithstanding the said verdict, and the court having heard the arguments of counsel and being fully advised, finds that said motion is not well taken and is accordingly overruled.

"It is therefore ordered, adjudged and decreed by the court that plaintiff's motion be and is hereby overruled.

"The jury in this action having, on a former day of this court, rendered a verdict against the plaintiff and for the defendant.

"It is therefore considered, ordered and adjudged by the court that the said defendant go hence without day, and recover from plaintiff his costs herein expended to all of which plaintiff excepts.

"Approved:                    Elmer M. Godwin, Judge.

"Campbell, Thompson & Finefrock, attorney for plaintiff.

"Howard A. Traul, attorney for defendant.''

Thereafter, a motion for new trial filed by plaintiff was overruled by the court, with exceptions saved for plaintiff. From that judgment, plaintiff appeals to this court on questions of law.

Plaintiff assigns three grounds of error.

1. The trial court erred in improperly allowing defendant's exhibit E to be introduced into evidence.

2. The trial court erred in not granting the motion for judgment notwithstanding the verdict.

3. The trial court erred in not granting a motion for a new trial.

Plaintiff's first assignment of error is not well taken, as defendant's exhibit E was admissible and could properly be considered by the jury in determining the extent of defendant's business, which, in his cross-petition, he claimed was disrupted and curtailed by the presence of the diseased cattle on the Spot Farm.

Plaintiff's second assignment of error is not well taken. The pleadings raise an issue of fact as to damages sustained by defendant. An examination of the record shows substantial credible evidence from which a reasonable conclusion might be drawn that defendant was damaged by the delivery of the seven cows to the Spot Farm. The action of the trial court in overruling plaintiff's motion for a judgment notwithstanding the verdict was not erroneous and was in line with the decisions of the courts. *Krueger* v. *Schoenling Brewing Co.*, 82 Ohio App., 57, 79 N. E. (2d), 366; *McAtee* v. *Western & Southern Life Ins. Co.*, 82 Ohio App., 131, 81 N. E. (2d), 225; *Kenny* v. *Metropolitan Life Ins. Co.*, 82 Ohio App., 51, 80 N. E. (2d), 677; *Robertson* v. *City Produce & Commission Co.*, 78 Ohio App., 471, 70 N. E. (2d), 778; *Ames and Buckingham* v. *Sloat,* Wright, 578.

Plaintiff's third assignment of error, namely, that the trial court erred in not granting plaintiff's mo-

tion for a new trial, is well taken as to ground six contained in the motion for a new trial. Ground six is as follows: "The verdict of the jury is contrary to law."

It will be noted that the jury, in its verdict herein, found upon the issues joined between the plaintiff and defendant on the matters set out in plaintiff's petition in favor of the defendant, and further found upon the issues joined between the defendant and the plaintiff, on the matters set up in defendant's answer and cross-petition in favor of the defendant, and that there was due the defendant from the plaintiff, E. M. Ridenour, the sum of no dollars.

Section 11420-19, General Code, provides as follows:

"When by the verdict either party is entitled to recover from the adverse party, the jury must assess the amount of the recovery in its verdict."

In this action, plaintiff sought to recover money from the defendant and the defendant sought to recover money from the plaintiff. When the jury found in favor of the defendant on defendant's cross-petition it was required to assess the amount to which defendant was entitled to recover, and its failure to do so was contrary to law.

This court has not been able to find any cases interpreting Section 11420-19, General Code. However, the Supreme Court of Oregon in the case of *Klein* v. *Miller*, 159 Ore., 27, 77 P. (2d), 1103, 116 A. L. R., 820, involving the interpretation of a similar statute, held, as disclosed by the first A. L. R. headnote:

"In a personal-injury action wherein defendant set up a counter-claim, a verdict reading: 'We, the jury, * * * find * * * for the plaintiff and assess his damages at the sum of $ no damages,' is not sufficient to support a judgment for defendant, where a statute provides

that a jury returning a general verdict in an action for the recovery of money shall also assess the amount of recovery.''

Also, in the case of *McLean* v. *Sanders,* 139 Ore., 144, 7 P. (2d), 981, a verdict reading, ''We, the jury, duly impanelled to try the above entitled cause, find our verdict for the plaintiff and against the defendants, and assess plaintiff's general damages in the sum of no dollars, and further assess punitive damages against defendants in the sum of no dollars,'' was held to be insufficient to support a valid judgment because it was impossible to ascertain from such verdict whether the jury intended to find for the plaintiff or the defendants.

In the present case, upon the return of the verdict the trial court erred in accepting same. It, was the duty of the trial court to point out this defect to the jury and send it back with instructions either to assess the damages recoverable by defendant from plaintiff or else return a verdict finding a certain definite sum due plaintiff from defendant on plaintiff's petition, a certain definite sum due defendant from plaintiff on defendant's cross-petition, strike a balance and make a finding of a definite sum in dollars and cents due either plaintiff or defendant, as the computation showed.

This error rendered the entire verdict invalid both as to the issues raised by the petition and the answer thereto and as to the issues raised by the cross-petition and the reply.

Furthermore, defendant, answering plaintiff's petition by general denial, could not offer evidence proving or tending to prove that the cows purchased by him were not as represented and that he was damaged thereby. Such a defense is an affirmative defense and

must be affirmatively pleaded. His evidence, as shown by the record, shows without conflict that the defendant received the cows set forth in plaintiff's petition and that he did not pay for the same.

It therefore follows that that part of the verdict wherein the jury found for defendant and against plaintiff upon the matters set out in plaintiff's petition is against the manifest weight of the evidence.

For the reasons mentioned, the judgment of the trial court is reversed and the cause remanded to that court for a new trial and further proceedings according to law on the issues joined between the plaintiff and defendant upon the petition and cross-petition and the reply to the cross-petition, or upon amended pleadings.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.