GEORGE BUSHEY, BY JUDITH ANN BUSHEY, HIS WIFE AND NEXT FRIEND, APPELLANT, V. GERALD FRENCH, APPELLEE.
108 N. W. 2d 237

Filed March 10, 1961. No. 34885.

*John McArthur,* for appellant.

*Marti, O'Gara, Dalton & Sheldon,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is an action for the recovery of damages sustained in an automobile accident while plaintiff was an occupant of defendant's automobile. The jury returned the following verdict: "We, the Jury, duly impaneled and sworn in the above entitled cause, do find for the plaintiff and assess the amount of his recovery against defendant in the sum of $ *No Money*." The trial court entered a judgment for the defendant on the verdict. Plaintiff has appealed.

The only question raised by the appeal is: When the question of liability is for the jury and plaintiff has adduced evidence of damage for injuries sustained, is a verdict for plaintiff in the amount of "$ No Money" contrary to law and insufficient to sustain a judgment for defendant?

This precise question does not appear to have been before this court. The rule in other jurisdictions is: A verdict finding for the plaintiff and assessing the amount of his recovery against the defendant in the sum of "$ no money" confers no authority to enter a judgment upon it. Klein v. Miller, 159 Ore. 27, 77 P. 2d 1103, 116 A. L. R. 820; Ridenour v. Lile, 93 Ohio App. 435, 114 N. E. 2d 166; Sellers v. Mann, 113 Ga. 643, 39 S. E. 11. In the Klein case the court said in considering a similar verdict: " 'It is impossible to ascertain from this verdict whether the jury intended to find for the plaintiff or for the defendants. Because of its uncertainty in this respect, it is not sufficient to support a valid judgment.' McLean v. Sanders, supra. * * *

In the case at bar the verdict is not for the defendant. Its assessment of 'no damages' nullifies its effect as a verdict in favor of plaintiff. Being neither a verdict in favor of plaintiff nor a verdict in favor of defendant, it is in effect no verdict at all."

In the Ridenour case, after holding a similar verdict insufficient to support a valid judgment because it was impossible to ascertain from such verdict whether the jury intended to find for the plaintiff or the defendant, the court said: "In the present case, upon the return of the verdict the trial court erred in accepting same. It was the duty of the trial court to point out this defect to the jury and send it back with instructions either to assess the damages recoverable by defendant from plaintiff or else return a verdict finding a certain definite sum due plaintiff from defendant on plaintiff's petition, a certain definite sum due defendant from plaintiff on defendant's cross-petition, strike a balance and make a finding of a definite sum in dollars and cents due either plaintiff or defendant, as the computation showed. This error rendered the entire verdict invalid both as to the issues raised by the petition and the answer thereto and as to the issues raised by the cross-petition and the reply."

We point out that the Nebraska statute, as in the jurisdictions cited, provides that when either party is entitled to recover money from the adverse party the jury in its verdict must assess the amount of recovery. § 25-1119, R. R. S. 1943.

The defendant relies upon Ambrozi v. Fry, 158 Neb. 18, 62 N. W. 2d 259. In that case the jury returned a verdict for plaintiff and assessed the amount of her recovery at "$ none." The court refused to accept the verdict in that form, telling the jury that if it found for the plaintiff she was entitled to some damages. The jury after further deliberation returned a verdict in the sum of $75. The defendant filed a motion for judgment on the first verdict for "$ none." Plaintiff filed

a motion for a new trial, which was granted. The judgment of the trial court was affirmed for the reason that the verdict of $75 was so grossly inadequate that the trial court properly granted a new trial. The difficulty arises in that this court cited and distinguished the case of Royal Indemnity Co. v. Township of Island Lake, 177 Minn. 408, 225 N. W. 291. This case appears to be in conflict with the cases hereinbefore cited in this opinion. While it was clearly distinguishable on the facts in the Ambrozi case, we do not agree with its reasoning as it applies to the case presently before us. We think the reasoning of the cases hereinbefore cited should be adopted as the law of this state, particularly in view of section 25-1119, R. R. S. 1943. See Annotation, 116 A. L. R. 828. In any event, the Ambrozi case does not conflict with our holding in the present case since it cannot be disputed that plaintiff in the instant case sustained pain and suffering and some disability for which he was entitled to be compensated if liability was established.

We conclude that the trial court erred prejudicially in receiving the verdict, in rendering judgment for the defendant thereon, and in not sustaining plaintiff's motion for a new trial.

The defendant asserts that the verdict, even if erroneous, is not prejudicially so for the reason that defendant's motion for a directed verdict should have been sustained. Defendant's position is correct if the trial court erred in overruling the motion for a directed verdict. This question requires a consideration of the evidence.

Plaintiff's evidence is to the following effect: Plaintiff asked defendant to drive him to a certain place of business in Lincoln and agreed to pay him $2 for so doing. They preceeded north on Tenth Street, the defendant doing the driving and plaintiff riding with him in the front seat. It was raining and snowing. There were from 2 to 3 inches of slush and snow covering the

street. Plaintiff testified that defendant on several occasions turned out of the tracks made by other vehicles to splash water, slush, and snow on approaching vehicles. Plaintiff protested this conduct on two occasions without effective result. Immediately preceding the accident defendant again pulled left into the deeper slush, his car skidded, the rear end slid around to the right and projected the car into the path of a car coming from the north, resulting in a collision. Plaintiff testified to a statement by defendant tending to establish defendant's responsibility for the accident. Plaintiff was seriously injured. Plaintiff suffered a broken rib and injury to his abdomen. It was necessary that he submit to surgery, at which time about one-fourth of his liver was removed. He also suffered a contusion of the right lung. He was in Lincoln General Hospital from March 4 to March 31, 1959. He was in the Lincoln Air Force Base hospital from March 31 to May 7, 1959. He testified to pain and suffering endured by him and to the limitations of physical activity resulting from his injuries. There is evidence that plaintiff's medical and hospital bills were paid by the government. The evidence is clear that if liability attached to the defendant, plaintiff is entitled to recover for pain and suffering, and for any temporary and permanent disability sustained.

The defendant testified to a different story as to how the accident happened, and denied making any statements indicating negligence on his part. It is not necessary to detail the evidence of the defendant other than to show a conflict in the evidence requiring its submission to a jury.

We conclude that the facts as testified to by the parties and their witnesses were very conflicting and raised issues to be determined by a jury. The contention of defendant that he was entitled to a directed verdict is without merit. We find that other contentions asserted by the defendant in support of the judgment rendered

for the defendant on the verdict returned are likewise without merit.

We hold the verdict returned by the jury was insufficient to sustain a judgment for the defendant. The trial court erred, therefore, in rendering such judgment. The judgment is reversed and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.

WENKE, J., not participating.