RHODA BRINGEWATT, EXECUTRIX OF THE ESTATE OF MERLE BRINGEWATT, DECEASED, APPELLANT, V. TOM MUELLER ET AL., APPELLEES.

272 N. W. 2d 37

Filed November 29, 1978. No. 41620.

Christensen Law Offices, P.C., for appellant.

William F. Rohn and Ray C. Simmons, for appellees Klahn.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee Ted Mueller.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action brought by Rhoda Bringewatt, executrix of the estate of Merle Bringewatt, deceased, the plaintiff in the District Court for Dodge County, Nebraska, and appellant herein, against Ted Mueller, Mildred Klahn and Ardyne Klahn, defendants and appellees. Tom Mueller is also a defendant but not a party to this appeal. The appellees filed motions for summary judgment. The trial court sustained the motions and entered judgments in favor of all defendants except Tom Mueller, from which appellant prosecutes this appeal. We affirm in part and reverse in part.

The record shows that the defendants Mildred and Ardyne Klahn, as joint tenants, owned a tract of property abutting State Highway No. 275 near Scribner, Nebraska. Beginning in 1971, they had rented such pasture to Ted Mueller by oral lease for cash rent. The tenancy continued through the years 1972 and 1973. There is a dispute whether the pasture was leased to Ted or to Tom Mueller for 1974. Some lease was made with one or the other and Tom Mueller put horses in the pasture. On June 4, 1974, one of the horses got out of the pasture where the fence was down or nearly so. Plaintiff's decedent, driving a truck tractor, struck one of the horses on the highway. Fire ensued which caused the death of such driver. Plaintiff brought this action alleging negligence against all parties and praying judgment for

the damages resulting from the collision.

After issues had been made up in the action, both the defendants Klahn and the defendant, Ted Mueller, filed motions for summary judgment. The motions were submitted to the Honorable Robert L. Flory, then the presiding judge, and each motion was overruled. Subsequently, after the retirement of Judge Flory and after his successor had assumed his duties, the defendants renewed their motions. The court overruled motions to quash such motions, considered them upon the same showing and record, sustained each motion and entered judgments dismissing the action against the defendants Klahn and Ted Mueller. Plaintiff contends that it was error for the court to allow the renewal of motions without an additional showing of facts. The previous order overruling the motions was not a final order and was not appealable. Pressey v. State of Nebraska, 173 Neb. 652, 114 N. W. 2d 518. The order was interlocutory and none of the issues considered and decided by the court at the hearing became res judicata. The trial court has discretion to determine whether and under what circumstances a motion may be renewed. No abuse of that discretion has been shown. The procedure followed by the court was proper and the assignment of error is overruled.

Before proceeding to the consideration of the remaining assignments of error, it should be noted that, at a hearing upon a motion for summary judgment, the evidence should be viewed in the light most favorable to the party against whom the motion is directed and that such party should receive the benefit of all favorable inferences which may reasonably be drawn from the evidence. Pfeifer v. Pfeifer, 195 Neb. 369, 238 N. W. 2d 451; Hall v. Hadley, 173 Neb. 675, 114 N. W. 2d 590. A summary judgment may be granted only where the moving party is entitled to judgment as a matter of law, where it is clear what the truth is and no genuine is-

sue remains for trial. Hall v. Hadley, *supra.*

As to the defendants Klahn, the record is clear that they owned real estate which they had leased to one or the other of the Muellers, with the agreement that the lessee should maintain the fences and use the pasture for grazing horses. The horses placed therein were owned by the defendant, Tom Mueller, and not subject to any control on the part of the Klahns. Plaintiff's allegations of fault against the Klahns were two-fold; that they negligently failed to keep the fences in a state of good repair or to require their tenant to do so, and that the mere existence of an unrepaired fence constituted a nuisance. Extensive arguments have been submitted concerning the duty and measure of responsibility resting upon a landlord whose land is poorly fenced. If this case turned upon such questions, there would be questions of the knowledge of a hazard and of reasonable conduct, which would require that a motion for summary judgment disposing of such issues be overruled. Liability, however, cannot be imposed upon a landlord either for negligence or for the maintenance of a nuisance unless his fault is the proximate cause of the injuries alleged. In Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683, it was said:

"Actionable negligence exists when the injury or the loss is the proximate result thereof. The proximate result must be the natural and probable consequence which ought to have been foreseen or reasonably anticipated in the light of the attendant circumstances. An injury is not actionable if it would not have resulted from the alleged negligence but for the interposition of a new and independent cause. Proximate cause, as used in the law of negligence, is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. An efficient, intervening cause is a new and independent force which breaks

the causal connection between the original wrong and the injury. The cause of an injury is that which actually produces it while the occasion is that which provides an opportunity for the causal agency to act. An alleged cause of an accident may sometimes be merely a condition and not the real cause. The existence or activities of inanimate things are usually mere conditions and not causes."

The case of Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117, deals with this same subject. There it appeared that an employee of the defendant took down a flagpole for repair and laid it across a driveway; plaintiff sat upon or near the end of the flagpole and was injured when an automobile belonging to a club member was driven against the pole. In holding that a verdict should have been directed in favor of the defendant, the court pointed out that the alleged negligence in the placing of the flagpole might have existed for years as a condition without injury to the plaintiff, had it not been for the subsequent negligent act of the driver of the automobile. The court also held: "It is not sufficient that the negligence charged furnishes only a condition by which the injury is made possible, for if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." To the same effect, see Bruno v. Gunnison Contractors, Inc., 176 Neb. 462, 126 N. W. 2d 477, and Connolley v. Omaha Public Power Dist., 185 Neb. 501, 177 N. W. 2d 492.

The evidence here is conclusive that the alleged fault in connection with the maintenance of and repairs to the fences amounted only to the prior establishment of a condition and that the exercise of control over the horses by the owner thereof constituted a subsequent and independent cause. For this reason, liability against the defendants Klahn cannot be established and they are entitled to judgment as a

matter of law. The court correctly sustained the motion for summary judgment and dismissed the action as to them.

The remaining assignment of error is directed against the order sustaining the motion of Ted Mueller for summary judgment. As previously noted, there is a dispute whether Ted Mueller was a tenant or not and, consequently, whether or not he was a sublessor to Tom Mueller. It is also possible there might be evidence indicating some connection between this defendant and Tom Mueller which might amount to the exercise of control over the horses. We do not find any basis in the record upon which it may be concluded that Ted Mueller should be held free from liability as a matter of law. The trial court erred in sustaining his motion for summary judgment; its order of dismissal as to Ted Mueller is reversed and the cause is remanded for further proceedings.

AFFIRMED AS TO DEFENDANTS KLAHN, AND REVERSED AND REMANDED AS TO DEFENDANT TED MUELLER.