BARBEL U. CHILDERS, APPELLANT, V. LCW
APARTMENTS, A PARTNERSHIP, DOING BUSINESS AS LAKE
CANDLEWOOD APTS., APPELLEE.

333 N.W.2d 677

Filed May 6, 1983. No. 82-435.

Warren C. Schrempp and Frederick C. Gray of Schrempp, Lefler, Hoagland & Gray, for appellant.

Michael G. Helms of Schmid, Ford, Mooney & Frederick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This negligence action to recover for personal injuries, medical expenses, lost wages, and pain and suffering was filed by appellant, Barbel U. Childers, in the District Court for Douglas County against the appellee, LCW Apartments, a partnership, doing business as Lake Candlewood Apts. The matter was submitted to a jury and a verdict for the appellee was returned. This appeal followed.

On November 16, 1980, the appellant (hereafter Childers) was a tenant in the Lake Candlewood Apts. (hereafter Candlewood), a large complex over several acres at 120th Street between Blondo and

Dodge Streets in Omaha, Nebraska. Childers was employed as a field representative for Taco John's. Her duties required her to travel extensively, and she actually spent only 4 to 5 days a month in her apartment. Childers had landed at the Omaha airport, picked up her car, and drove it to a parking lot furnished for tenants at the northwest corner of the complex. She parked the car and was in the process of unloading luggage when she was brutally assaulted by two men intent on stealing her car. She was struck and kicked repeatedly; her car and purse were stolen. The conclusion of the above incident was seen by a tenant, and the rescue squad and police were summoned.

The theory on which Childers brought this action was the alleged negligence of Candlewood in failing to provide adequate lighting at the parking lot area to insure the security of the area. The extent and the quality of the lighting at the parking area was disputed at trial and in this regard will not be reviewed by us except to note that a jury finding concerning the adequacy of lighting is supported by the evidence.

The assignments of error are of two categories: (1) The trial court erred in refusing to permit witnesses to testify as to criminal acts in the complex other than the immediate area in which Childers was assaulted and robbed, and in also refusing to permit witnesses to testify as to complaints of lighting inadequacy in other than the immediate area; and (2) The trial court erred in refusing to give Childers' proposed instruction No. 2, which is identical to NJI 3.42, relating to concurrent cause.

Implicit in the appeal is the assumption that the law of Nebraska imposes a duty upon a landlord to protect a tenant from the criminal activities of third persons. We have discovered no authority to that effect in Nebraska, nor have the parties cited any to us. There is no cross-appeal, and the instruction as submitted by the trial court was that "The landlord

is not intended to be an insurer of the safety of his tenant against the criminal activities of third persons. A landlord has a duty to take reasonable steps to protect a tenant only from foreseeable criminal acts committed by intruders on the premises, and the standard of care to be used by the landlord in the discharge of such duty is that of reasonable care . . . ." This instruction is accepted as the law for the purposes of this appeal.

Courts have variously held such a duty exists or that no such duty exists. See Annot., 43 A.L.R.3d 331 (1972). We merely point out that this is not before us and it is not appropriate to pass on the matter where it is not directly in issue.

In considering assignment 1, we note that ordinarily the reception of evidence is within the broad discretion of the trial court, and in order to authorize reversal of a judgment on account of the rejection of such evidence, there must have been a clear abuse of discretion. *Nusz v. Wells Mfg. Corp.*, *ante* p. 1, 332 N.W.2d 204 (1983); *Shover v. General Motors Corp.*, 198 Neb. 470, 253 N.W.2d 299 (1977); *Ripp v. Riesland*, 180 Neb. 205, 141 N.W.2d 840 (1966); *Crecelius v. Gamble-Skogmo, Inc.*, 144 Neb. 394, 13 N.W.2d 627 (1944).

Though prior incidents occurring on the premises might ordinarily be admissible to establish notice on the part of defendant, the evidence offered of such incidents must also show a substantial similarity to the incident which is the subject of the trial. See, *Evers v. Evers*, 146 Neb. 104, 18 N.W.2d 673 (1945); 32 C.J.S. *Evidence* §§ 578, 583, 584 (1964).

The evidence of burglaries, theft, and vandalism cannot be said to be so similar that their exclusion can be said to be an abuse of discretion by the trial judge.

The trial court also refused an offer of proof of complaints of inadequate lighting in other areas of the complex. While less clear, on the balance we hold that the refusal of the offer and the exclusion

of the evidence did not constitute an abuse of discretion or the denial of a fair trial to Childers. The assignment of error is without merit.

Childers asserts that the alleged inadequate lighting was active and therefore a concurrent cause which, operating with the tortious conduct of the two robbers. proximately caused her injuries and consequent damages.

The basic question is not whether concurrent acts of negligence render either or both of the tortious actors liable, but whether the alleged negligence of both actors was active and entitled Childers to the instruction. Restatement (Second) of Torts § 439 (1965).

We have held that the following are conditions and not active negligence: The placement of a barricade directing traffic to another lane 150 feet from a construction project, *Bruno v. Gunnison Contractors, Inc.*, 176 Neb. 462, 126 N.W.2d 477 (1964); power line with which a lowered flagpole came in contact, *Connolley v. Omaha Public Power Dist.*, 185 Neb. 501, 177 N.W.2d 492 (1970); a landlord's unrepaired fence (tenant's horses escape and collide with vehicle on highway), *Bringewatt v. Mueller*, 201 Neb. 736, 272 N.W.2d 37 (1978).

We cannot distinguish between an inadequate fence, an overhanging wire, a barricade placement, and alleged inadequate lighting. All are passive and not active. The appellant was not entitled to the instruction requested. The judgment of the trial court was correct and is affirmed.

AFFIRMED.