LOIS HAVLICEK, APPELLEE, V. YOGESH DESAI, APPELLANT, DESAI CORPORATION ET AL., APPELLEES.

403 N.W.2d 386

Filed April 10, 1987.  No. 85-718.

Thomas C. Sattler of Knudsen, Berkheimer, Richardson & Endacott, for appellant.

Hal Bauer of Bauer, Galter & O'Brien, for appellee Havlicek.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from the district court for Lancaster County in which the plaintiff received a jury verdict for "$0" in her personal injury case. The plaintiff brought a motion for a new trial on the basis that the court had accepted a verdict for "$0," which motion the court sustained. The defendant brought a motion for judgment notwithstanding the verdict, which was overruled. The defendant Yogesh Desai appeals.

Although the defendant's first assignment of error is general,

his arguments make it clear he contends the court erred in overruling his motion for judgment notwithstanding the verdict because the court failed to find that (1) plaintiff was contributorily negligent as a matter of law; (2) inadequate lighting is a mere condition and not a proximate cause; and (3) the plaintiff failed to present evidence of the defendant's constructive notice of any inadequate lighting. The defendant also insists that the court erred in sustaining plaintiff's motion for a new trial because a verdict for "$0" is a valid verdict in this case. We find the district court did not err.

The evening of March 4, 1983, the plaintiff and her husband, son, and granddaughter went to the Congress Inn located at 2001 West O Street in Lincoln, Nebraska, to eat dinner. Plaintiff and her granddaughter were dropped off at the north entrance of the restaurant. Plaintiff's husband then drove the car around to the south parking lot and he and the son joined plaintiff and her granddaughter in the restaurant. When the family finished eating, everyone but the plaintiff walked to the car while she finished filling two foam containers, which were used as doggie bags.

When plaintiff left the restaurant through the south exit, it was past sundown, overcast, and sprinkling or raining. She testified on direct examination that she walked out the door, stopped, and looked because she did not know where her husband was parked. She was impeached on cross-examination with a prior deposition in which she stated that she did not pause or hesitate at all. In any event, by the time she got outside, her husband had turned on the car lights so she could see where the car was. On direct examination she testified that the car was to the west and she started heading toward it. With foam containers in her hands and a purse slung over her shoulder, she went west down the sidewalk close to the building, which was protected from the rain by an overhang. On cross-examination she testified that she was not walking particularly faster than usual, but in her prior deposition she agreed she probably was walking a little faster than usual.

On cross-examination plaintiff further testified that she could see outlines of things, but in her deposition she stated that she did not believe she could see the ground in front of her, that

it was very dark. There were recessed light fixtures in the soffit of the overhang, but they were not lit at the time. There was a neon sign, over the exit door, which was on and emanating light. That neon sign illuminated a short sidewalk which went directly south into the parking lot. As she moved west, she was moving away from that light. On cross-examination she testified it was not necessary to take the sidewalk to the west, and in her deposition she agreed she was taking a shortcut by going to the west. As she walked down the sidewalk, she suddenly stepped off into "nothingness." She had fallen down an unlighted stairway.

After she fell, plaintiff's husband and son carried her to their pickup and took her to Lincoln General Hospital. The x-ray report indicated a hairline fracture in the midbody of the sacrum, with no displacement. Dr. Sposato, the neurologist to whom the plaintiff was referred by her primary physician, diagnosed the plaintiff's injury as a fractured sacrum with injury to nerves in that area, which was consistent with a fall like the one the plaintiff took. For a while after the accident, the plaintiff lost control of both bladder and bowel. She was also numb in the rectal and vaginal areas. She could not go to work for 6 weeks because of the pain. At the time of the accident she earned $228 per week. Also, she still lacked the sensation of having to go to the bathroom.

The defendant first assigns as error the overruling of his motion for judgment notwithstanding the verdict. On a motion for judgment notwithstanding the verdict, the moving party is deemed to have admitted as true all the material and relevant evidence admitted which is favorable to the party against whom the motion is directed, and, further, the party against whom the motion is directed is entitled to the benefit of all proper inferences which can be deduced therefrom. *Farm Bureau Life Ins. Co. v. Luebbe*, 218 Neb. 694, 358 N.W.2d 754 (1984). A jury verdict will not be disturbed unless it is clearly wrong. *Id.*

Our review of the facts shows that the trial court was correct in overruling the defendant's motion for judgment notwithstanding the verdict. The jury's verdict as to liability was not clearly wrong.

To support his first assignment of error the defendant argues

that the plaintiff was contributorily negligent as a matter of law. With this argument we cannot agree. The facts were disputed as to how dark it was outside, how quickly the plaintiff was walking, and whether she paused or hesitated as she left the restaurant. Whether it was unreasonable for the plaintiff to have taken the sidewalk to the west instead of the one to the south was a question of fact for the jury. In the former case, the plaintiff could walk along a paved sidewalk protected from the rain, while in the latter case, she could walk for a short distance to the south on the pavement which was illuminated by the neon sign, but then would have to walk in the rain away from the light again to get to her vehicle. The failure to take alternative courses of action suggested by defendant's counsel—using a lighter or matches to light her way, calling out to her family for help, stopping, and going back into the restaurant for assistance—all bear directly on the reasonableness of the plaintiff's actions, but do not rise to the level of contributory negligence as a matter of law.

The defendant next argues that his motion for judgment notwithstanding the verdict should have been granted because inadequate lighting is a mere condition and cannot be the proximate cause of plaintiff's injuries. In support of this argument the defendant cites *Childers v. LCW Apartments*, 214 Neb. 291, 333 N.W.2d 677 (1983), a case in which plaintiff was brutally attacked, in the parking lot of the apartment complex where she lived, by two men intent upon stealing her car. The plaintiff asserted that "the alleged inadequate lighting was active and therefore a concurrent cause which, operating with the tortious conduct of the two robbers, proximately caused her injuries and consequent damages." *Id.* at 294, 333 N.W.2d at 679. We held that in such a situation inadequate lighting was a condition, not active negligence, and the plaintiff was not entitled to an instruction on concurring cause identical to that found in NJI 3.42.

In *Childers* and other cases in which we have made a distinction between condition and cause, see, e.g., *Bringewatt v. Mueller*, 201 Neb. 736, 272 N.W.2d 37 (1978), *Connolley v. Omaha Public Power Dist.*, 185 Neb. 501, 177 N.W.2d 492 (1970), and *Bruno v. Gunnison Contractors, Inc.*, 176 Neb.

462, 126 N.W.2d 477 (1964), there were two alleged negligent parties. The rule in such a case is: "[W]here the negligence charged furnishes only a condition by which the injury is made possible, and a subsequent independent act of a third party causes the injury, the two acts are not concurrent, and the existence of the condition is not the proximate cause of the injury . . . ." *Connolley, supra* at 508, 177 N.W.2d at 496.

The defendant's reliance on this rule is misplaced. The distinction between condition and cause has no application where, as here, there is no subsequent independent act of a third party which causes the injury. Additionally, we have stated that failure to provide a business invitee with adequate lighting on a stairway may support an action for negligence. *Broadston v. Beddeo Clothing Co.*, 104 Neb. 604, 178 N.W. 190 (1920).

In support of his first assignment of error, the defendant lastly argues that the plaintiff failed to present evidence of the defendant's actual or constructive notice of any inadequate lighting. The defendant acknowledges that the plaintiff is an invitee on the defendant's place of business and that he therefore had a legal duty to exercise ordinary care to keep his premises reasonably safe for her use. *Lund v. Mangelson*, 183 Neb. 99, 158 N.W.2d 223 (1968).

The defendant next cites this court to cases in which persons slipped and fell because of various substances on the floors of the businesses. See, e.g., *Jeffries v. Safeway Stores, Inc.*, 176 Neb. 347, 125 N.W.2d 914 (1964); *Taylor v. J. M. McDonald Co.*, 156 Neb. 437, 56 N.W.2d 610 (1953); *Broadston v. Beddeo Clothing Co., supra*. In cases such as those, when liability is being predicated on the defendant's failure to remove or remedy the hazardous condition, unless the evidence shows that the alleged hazardous condition existed and was known to exist by the defendant, the plaintiff must prove either that the condition was created by the defendant or that it had existed a long enough time prior to the accident to charge the defendant's servants with notice to afford them a reasonable opportunity to remedy it. The defendant in this case argues that the hazardous condition was not created by the defendant, and therefore the plaintiff was required to show actual or constructive notice of the hazardous condition. That is not the case.

The defendant in this case was under an affirmative obligation to light his business premises in such a manner as to make the stairway visible to the plaintiff. *Broadston v. Beddeo Clothing Co., supra.* The evidence was undisputed that no light illuminated the stairway and that the stairway would be unsafe at night with no lights on. Thus, when the defendant failed to provide adequate lighting, he created the hazardous condition that proximately caused the plaintiff's injuries. Because the defendant created the hazardous condition, the plaintiff did not have to bring forth evidence as to the defendant's actual or constructive knowledge of the hazardous condition. If there were some reasonable explanation as to why there were no lights on that night, it was incumbent upon the defendant to produce that evidence as part of his defense.

The defendant also assigns as error the district court's sustaining of the plaintiff's motion for a new trial. The jury reached a verdict for the plaintiff but assessed her damages as "$0," which the district court accepted. The plaintiff then made a motion for a new trial for various reasons, one being that the court erred in accepting the verdict of the jury when it held for the plaintiff in the sum of zero dollars. The court sustained the plaintiff's motion for a new trial for that reason alone. The defendant believes that under the circumstances of this case it was appropriate for the court to accept the verdict for zero dollars. In support of this argument the defendant asks this court to overrule *Bushey v. French*, 171 Neb. 809, 108 N.W.2d 237 (1961). We decline to so do.

In *Bushey v. French, supra*, the jury returned a verdict for the plaintiff and assessed the amount of his recovery against the defendant in the sum of "$ No Money." This court then cited the rule in other jurisdictions that such a verdict confers no authority to enter a judgment upon it. *Id.* We then indicated that this rule should be adopted in Nebraska, especially in light of the fact that it was undisputed the plaintiff sustained pain and suffering and some disability for which he was entitled to be compensated if liability was established. We therefore held that the trial court erred in receiving the verdict, in rendering judgment for the defendant thereon, and in not sustaining the plaintiff's motion for a new trial.

In the present case it was equally obvious that the plaintiff suffered some damages as a result of her injuries. Even if the jury disbelieved the extent of her pain and suffering, at the very least the plaintiff proved that she had lost 6 weeks of work, at $228 per week, due to her fall. Dr. Sposato, although not relating with any specificity the type of her disability other than the numbness in the areas affected, concluded that her condition amounted to a permanent disability. In such a case the jury's verdict of "$0" was wholly inadequate and unsupported by the evidence, and the trial court was correct in sustaining plaintiff's motion for a new trial. *O'Neil v. Behrendt*, 212 Neb. 372, 322 N.W.2d 790 (1982).

The judgment of the district court is affirmed.

AFFIRMED.