KENNETH L. ZEEB, APPELLANT, V. DELICIOUS FOODS, A NEBRASKA CORPORATION, ET AL., APPELLEES.

436 N.W.2d 190

Filed March 3, 1989.   No. 87-443.

Donald J. Loftus, P.C., for appellant.

William L. Tannehill, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Delicious Foods.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and BURKHARD and HANNON, D. JJ.

CAPORALE, J.

Plaintiff-appellant, Kenneth L. Zeeb, claims in his operative petition that he sustained injury as the proximate result of the negligence of defendant-appellee Delicious Foods, a Nebraska corporation. The petition also names Zeeb's employer, appellee Millard Warehouse, Inc., a Nebraska corporation, as a party defendant for the purpose of protecting its workers' compensation subrogation interest. Delicious Foods denied any negligence and alleged that Zeeb was himself contributorily negligent sufficient to bar his recovery and that he had assumed the risk. Nominal defendant Millard Warehouse asserted its subrogation interest but neither admitted nor denied Zeeb's

allegations of negligence against Delicious Foods. Following trial, Zeeb's petition was dismissed in accordance with the jury's verdict, and this appeal ensued. Zeeb assigns as errors, in summary, the district court's refusal to grant a new trial because it failed to (1) give the jury the instructions he requested and (2) permit him to prove that the district court's bailiff admonished the jurors that during their deliberations, they could ask no questions of the trial judge. We affirm.

Zeeb was employed by Millard Warehouse as a construction and maintenance laborer from January 1977 until he was fired in November 1983. On Friday, July 22, 1983, Zeeb was injured while working in a portion of his employer's Lincoln facility which had been leased to Delicious Foods.

Zeeb had worked the entire day preceding the occurrence in the Delicious Foods loading dock area of the facility, rebuilding freezer doors through which Delicious Foods' forklift trucks carried pallets of its products for loading onto trucks. During this time, Zeeb observed forklift trucks operating in the area, moving both forward and backward carrying both single and double loads, and he was familiar with the work patterns in the area.

At approximately 10:30 on the morning of the occurrence, Zeeb's Millard Warehouse supervisor ordered Zeeb to report to the same Delicious Foods loading dock and repair doors that were not working properly. Over Zeeb's objection, his assistant was ordered not to accompany him, as there was other work needing the assistant's immediate attention elsewhere in the facility.

Upon arriving in Delicious Foods' area, Zeeb found several Delicious Foods employees on break. Zeeb set up an 8-foot stepladder in the middle of the loading dock and climbed to the top to work on a mechanism attached to the ceiling, about 12 feet above the floor. Zeeb did not ask Delicious Foods' manager to close the area to forklift traffic, did not attempt to construct barriers around his work area to signal his presence to forklift operators, and did not warn the forklift drivers of his presence, nor did he ask Delicious Foods' manager to provide one of its employees to act as Zeeb's lookout.

As Zeeb worked, he heard the Delicious Foods employees

called back to labor. At this time, Zeeb was standing on the ladder facing a nearby office, with his back to the doors through which Delicious Foods' forklift trucks entered the area.

Shortly thereafter, a Delicious Foods forklift operator drove through one of the doors to which Zeeb had turned his back. The forklift was loaded with a double stack of products on pallets, the stack reaching approximately 8 feet high. The operator proceeded through the door and into Zeeb's work area very slowly, moving the forklift forward and looking around the load, as was the custom when entering the area through that particular door. At first, it appeared to Delicious Foods' manager, who watched from the office, that the forklift would bypass Zeeb's ladder; however, as the forklift turned, one edge of the load scraped against the ladder, causing it to vibrate, and Zeeb fell to the floor.

As a result of his fall, Zeeb suffered injury to his arms and right knee.

After the jury returned its verdict, Zeeb moved for judgment notwithstanding that verdict and for new trial. In a hearing on these motions, Zeeb's attorney stated that he was prepared to call a member of the jury to adduce testimony regarding "certain errors that took place after the jury was released to deliberate the case." As outlined in the relevant part of Zeeb's in camera offer of proof, the complaining juror would testify that immediately after being released to deliberate, the jurors asked the bailiff whether the judge would answer questions concerning the instructions. According to this juror, the bailiff replied that "this could not be done, that no questions, either oral or written, could be asked" of the judge. Zeeb's attorney then asked leave to interrogate the court's bailiff in chambers, asserting she would confirm the facts alleged in the foregoing offer. The district court, upon Delicious Foods' objection, declined to allow Zeeb to adduce live testimony regarding his allegations, but did invite both Zeeb and Delicious Foods to submit affidavits in connection with Zeeb's motion for new trial. Asked by Zeeb's attorney whether the court had instructed its bailiff to inform jurors they were not allowed to ask either oral or written questions, the trial judge properly replied, see

*State v. Barker*, 227 Neb. 842, 420 N.W.2d 695 (1988), "The Court is not going to have any comment at all."

Delicious Foods subsequently filed with the district court a written offer of proof and the bailiff's affidavit. Its offer of proof asserts, through the words of one of Delicious Foods' attorneys, that if four other named jurors were called to do so, each would testify that at no time did the court's bailiff state that requests for clarification of the court's instructions could not under any circumstances be delivered or communicated to the trial judge. The bailiff's affidavit denies that any juror ever said that clarification of the instructions was desired or needed. The bailiff also denied ever telling any individual juror or the jury as a whole that questions from the jury to the judge would not be permitted in any form under any circumstance.

Zeeb thereafter filed a written offer of proof through the complaining juror's affidavit, in which the complaining juror essentially confirmed the contents of Zeeb's earlier oral offer.

After Zeeb had perfected his appeal to this court, the district court judge purported, on Delicious Foods' motion, to strike Zeeb's written offer of proof. However, since the district court had lost jurisdiction upon the perfection of the appeal to this court, that ruling was a nullity, *Nuttelman v. Julch*, 228 Neb. 750, 424 N.W.2d 333 (1988), and we treat it as such.

Zeeb's first summarized assignment of error challenges the district court's instructions to the jury. To establish as error the trial court's refusal to give a requested instruction, an appellant is under a threefold burden to show that he was prejudiced by the court's refusal, that the tendered instruction is a correct statement of the law, and that the instruction is applicable to the evidence in the case. *Bishop v. Farm Bureau Life Ins. Co.*, 228 Neb. 74, 421 N.W.2d 423 (1988).

Regarding the element of prejudice, this court looks first to the instructions as given, mindful that jury instructions must be read together, and if taken as a whole they correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error upon which a reversal on appeal may be based. *Fisher Corp. v. Consolidated Freightways*, 230 Neb. 832, 434 N.W.2d 17 (1989); *Kearney State Bank & Trust v. Scheer-Williams*, 229 Neb. 705, 428 N.W.2d 888 (1988). See,

also, *Auer v. Burlington Northern RR. Co.*, 229 Neb. 504, 428 N.W.2d 152 (1988). Zeeb does not argue that the instructions given, taken as a whole, were either incorrect statements of the law or misleading. Rather, Zeeb contends that, in various ways, the instructions given did not adequately cover the issues.

Zeeb first argues he is entitled to an instruction on concurrent negligence. According to Zeeb, the evidence supported the conclusion that his employer's failure to send his assistant along to help in the repair work was an act of negligence which the jury may have taken as a proximate cause of Zeeb's injury. In Zeeb's view, the jury, without benefit of an instruction on the legal effect of his employer's concurrent negligence, may have improperly denied him a verdict against Delicious Foods.

If his employer had in fact been negligent, Zeeb would indeed have been entitled to an instruction on the effect of the concurrent negligence of multiple parties. See *Weiseth v. Karlen*, 206 Neb. 724, 295 N.W.2d 103 (1980). However, it is clear that the evidence does not fairly support such an inference of negligence; the conduct of his employer, Millard Warehouse, at most, created a condition under which the negligence of Delicious Foods, if any, operated to bring about Zeeb's injury. See *Havlicek v. Desai*, 225 Neb. 222, 403 N.W.2d 386 (1987). Zeeb was therefore not entitled to that requested instruction because it was not applicable to the evidence in the case.

Zeeb next argues that he was entitled to instructions regarding various nuances of the land possessor's duty toward invitees and that the instruction the district court gave with respect to those matters was not adequate. The questioned instruction advised the jury that Zeeb was a business invitee of Delicious Foods and explained, in summary, that (1) if Delicious Foods knew or should have known of activities on its premises which presented Zeeb with an unreasonable risk of harm, (2) if it had no reasonable ground for believing that Zeeb would discover or realize the risk, and (3) if Zeeb did not or could not reasonably be expected to know of the risk, or if Zeeb actually knew of the risk and Delicious Foods should have known Zeeb would fail to protect himself, then Delicious Foods was under a duty to use reasonable care for Zeeb's safety or to

give warning adequate to enable Zeeb to avoid harm. That instruction, when read together with the other instructions, correctly states the duty Delicious Foods owed Zeeb under the evidence in this case.

Inasmuch as the questioned instruction is a correct statement of the law applicable to the evidence, is not misleading, and, when read with the other instructions, adequately covers the issues, Zeeb was clearly not prejudiced by its inclusion. *Fisher Corp. v. Consolidated Freightways, supra; Kearney State Bank & Trust v. Scheer-Williams, supra.* See, also, *Auer v. Burlington Northern RR. Co., supra.*

Accordingly, there is no merit to Zeeb's first summarized assignment of error.

Zeeb's second summarized assignment of error challenges the district court's refusal "to permit Plaintiff to substantiate his claim of misconduct on the part of the Court's bailiff in admonishing the jurors that no questions could be asked by them of the Court during their deliberations."

Neb. Rev. Stat. § 27-606(2) (Reissue 1985) provides as follows:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him indicating an effect of this kind be received for these purposes.

In *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987), we, in the course of holding that the affidavits proffered in that case did not reflect that extraneous prejudicial information had entered into the verdict, after a thorough review of the case law, concluded that "[§ 27-606(2)]

permits use of a juror's affidavit to establish that the jury considered prejudicial information emanating from a source other than evidence presented at trial." 226 Neb. at 456, 412 N.W.2d at 78. See, also, *State v. Woodward*, 210 Neb. 740, 745, 316 N.W.2d 759, 762 (1982), a criminal case in which this court noted:

> While it is true that one may not inquire as to whether the presence of the evidence affected the juror's mind, it is proper and necessary that evidence be presented by the objecting party to show that *extraneous prejudicial information* was improperly brought to the jury's attention.

(Emphasis in original.) See, also, *State v. McDonald*, 230 Neb. 85, 430 N.W.2d 282 (1988).

In this case, Zeeb presented a juror's affidavit asserting that the bailiff told the jurors that even if they were confused regarding matters of law or the issues before them, they would not be allowed to seek clarification through written questions posed to the trial judge. If the bailiff did, in fact, so state, she was wrong, and the miscommunication would constitute extraneous information improperly brought to the jury's attention within the meaning of § 27-606(2). The bailiff's denial of the miscommunication does nothing more than establish that an issue of fact exists in that regard. Thus, an evidential hearing would have been required but for the fact that the record fails to specify what any juror wished to ask. Under that circumstance, the general allegation that jurors wished to inquire about instructions which were correct and complete as given fails to claim the prejudice § 27-606(2) requires.

Thus, the second summarized assignment of error is as meritless as was the first. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.