Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
02/26/2016 08:20 AM CST

Opal Lowman and David Lowman, appellants,
v. State Farm Mutual Automobile
Insurance Company, appellee.
___ N.W.2d ___

Filed February 26, 2016.    No. S-14-823.

1. **Verdicts: Juries: Appeal and Error.** A jury's verdict may not be set
   aside unless clearly wrong, and a jury verdict is sufficient if there is
   competent evidence presented to the jury upon which it could find for
   the successful party.
2. **Damages: Appeal and Error.** On appeal, the fact finder's determination
   of damages is given great deference.

Appeal from the District Court for Douglas County: Joseph
S. Troia, Judge. Affirmed.

Ronald J. Palagi and Donna S. Colley for appellants.

Paul M. Shotkoski and Jacqueline M. DeLuca, of Fraser
Stryker, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel,
and Stacy, JJ.

Heavican, C.J.

INTRODUCTION

Opal Lowman and her husband, David Lowman, sued State
Farm Mutual Automobile Insurance Company (State Farm)
for injuries Opal suffered in an automobile accident. The jury
entered a verdict for the Lowmans, but awarded no damages.
The Lowmans appeal. We affirm.

## FACTUAL BACKGROUND

Opal was injured in an automobile accident on May 8, 2010, when a vehicle driven by Carla Gibbs collided with Lowman's vehicle. On November 9, 2012, the Lowmans filed an amended complaint against State Farm, seeking damages for Opal's injuries. State Farm provided the Lowmans' underinsured motorist coverage.

Prior to trial, State Farm admitted that Gibbs was negligent. The matter went to trial on the question of causation and damages. At trial, Lowman withdrew her claim for loss of earning capacity and admitted that all of her medical bills had been paid. The Lowmans' counsel argued only that Opal was entitled to damages for pain and suffering.

The matter was submitted to the jury. The jury was instructed that in order to recover, the Lowmans must prove that the accident was the proximate cause of "some damage" to Opal and David, and the nature and extent of that damage. The instruction continued:

> If the Plaintiffs [the Lowmans] have met their burden of proof, then your verdict must be for the Plaintiffs, and you should complete Verdict Form No. 1.
>
> If the Plaintiffs have not met their burden of proof, then your verdict must be for the Defendant [State Farm] and you should complete Verdict Form No. 1.

The jury was provided with only one verdict form. This form, as provided to the jury, was preprinted with the following language: "We, the jury, duly impaneled and sworn in the above-entitled cause, do find for the said Plaintiffs and award damages in the amount of $____."

On May 6, 2014, after deliberating, the jury returned a verdict for the Lowmans in the amount of $0. The Lowmans subsequently filed a motion for new trial on May 15. That motion was overruled.

The Lowmans appeal.

## ASSIGNMENTS OF ERROR

On appeal, the Lowmans assign that the district court erred in (1) receiving the jury's verdict in favor of them but awarding them $0, and in rendering judgment for them, and (2) denying the motion for new trial.

## STANDARD OF REVIEW

[1,2] A jury's verdict may not be set aside unless clearly wrong, and a jury verdict is sufficient if there is competent evidence presented to the jury upon which it could find for the successful party.[1] On appeal, the fact finder's determination of damages is given great deference.[2]

## ANALYSIS

The primary issue presented by this appeal is whether the jury verdict in favor of a plaintiff can be sustained where the jury awarded a plaintiff no money damages. We conclude that on these facts, such a verdict can be sustained.

We first addressed this basic issue in *Ambrozi v. Fry*,[3] wherein the jury returned a verdict for the plaintiff but awarded "'$ none'" in damages. The trial court sent the verdict back, informing the jury that if it found for the plaintiff, it must award some damages. The jury accordingly awarded $75. The plaintiff then sought a new trial, which was granted. The defendant appealed, arguing that the trial court erred in sending the verdict back and instead should have considered the verdict to be one for the defendant.

We disagreed. We first concluded that it was clear the jury intended to find for the plaintiff and award no damages and that it was proper for the court to seek to have that verdict corrected. We ultimately affirmed the grant of the new trial,

---

[1] See *Wulf v. Kunnath*, 285 Neb. 472, 827 N.W.2d 248 (2013).

[2] *Shipler v. General Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807 (2006).

[3] *Ambrozi v. Fry*, 158 Neb. 18, 19, 62 N.W.2d 259, 261 (1954).

but that was based on our determination that the plaintiff clearly suffered more than $75 in injuries and that the jury's award was inadequate.

We revisited the issue in *Bushey v. French*,[4] wherein the jury found for the plaintiff, but awarded "'$ No Money.'" The trial court then entered a judgment for the defendant, and the plaintiff appealed. Relying on Neb. Rev. Stat. § 25-1119 (Reissue 1956), which provided that "[w]hen . . . either party is entitled to recover money . . . the jury . . . must assess the amount of recovery," as well as cases from other jurisdictions, we held that a verdict finding for the plaintiff but awarding no damages "confers no authority to enter a judgment upon it."[5]

The Nebraska Court of Appeals also addressed this issue in *Swiercek v. McDaniel*.[6] In that case, as with the others, a verdict was entered for the plaintiff for $0. The plaintiff sought a new trial on the grounds that the verdict was "clearly against the weight and reasonableness of the evidence and disproportionate to the injuries proved."[7] That request was denied, and the plaintiff appealed.

On appeal, the Court of Appeals noted that "negligence on the part of [the defendant] was established as a matter of law. However, [the plaintiff] must still prove that this negligence on the part of [the defendant] proximately caused the damages alleged to have been sustained by him."[8] The Court of Appeals continued:

> [T]he intent of the jury here is unmistakable—its decision was that [the plaintiff] have nothing from [the defendant]. Next, this is not a case where the question

---

[4] *Bushey v. French*, 171 Neb. 809, 810, 108 N.W.2d 237, 238 (1961).

[5] *Id.* (citing *Klein v. Miller*, 159 Or. 27, 77 P.2d 1103 (1938)).

[6] *Swiercek v. McDaniel*, No. A-93-1059, 1995 WL 640419 (Neb. App. Oct. 31, 1995) (not designated for permanent publication).

[7] *Id.* at *5.

[8] *Id.*

of liability was for the jury, and [the plaintiff] adduced undisputed evidence of damages for injuries sustained. In such a case, a verdict for plaintiff in the amount of $0 is contrary to the law and a nullity. . . . Here, the question of liability was directed in favor of [the plaintiff] with the only issue for the jury being whether [the plaintiff] suffered any injury or damage. The jury could have found all of [the plaintiff's] injuries were attributed to his preexisting conditions. It was not unreasonable for the jury to have concluded that it must find "for" [the plaintiff], even though it found he was entitled to zero damages.[9]

The rule in Nebraska, as set forth by *Bushey v. French*,[10] is that a verdict for a plaintiff but awarding no damages is no verdict at all. The reason that such a verdict is generally no verdict at all is that it does not allow a court to determine what the jury meant by its verdict.

But in this case, like *Swiercek v. McDaniel*,[11] when one examines how this case was tried, it is clear what the jury meant by its verdict.

At trial, the Lowmans sought compensation only for Opal's pain and suffering, telling the jury that "[t]here is no claim . . . for past or future medical bills because those will be paid by other sources. . . . And there's going to be no claim for lost wages." The Lowmans' counsel informed the jury that if it did not find that Opal was entitled to damages for her pain and suffering, then it should award her nothing, stating, "If you think [Opal] is exaggerating, there should be no verdict. If you think she's a liar, a cheat and a fraud, there should be no verdict." The jury was then instructed that it could find for the Lowmans or for State Farm.

---

[9] *Id.* at *8.

[10] *Bushey v. French, supra* note 4.

[11] *Swiercek v. McDaniel, supra* note 6.

The verdict for the Lowmans makes sense because it was not disputed that the accident itself was caused by Gibbs' tortious conduct. The jury's award of no damages makes sense because the Lowmans told the jury not to award Opal anything if it did not believe that she suffered compensable damages for pain and suffering caused by the accident. This conclusion is supported by evidence presented at trial.

On these facts, it was not error for the district court to enter judgment on the jury's verdict. For these reasons, the district court also did not err in denying the Lowmans' motion for new trial. Lowman's argument on appeal is without merit.

CONCLUSION

The decision of the district court is affirmed.

Affirmed.

Cassel, J., concurring.

I write separately only to suggest that trial judges should provide one or more verdict forms which precisely correspond to the effect-of-findings jury instruction. In the case before us, no objection was made to the instruction or the verdict form. No error is assigned to either of them on appeal. But if the verdict form had been tailored to the instruction, I doubt that this appeal would have been taken.

The court's opinion, with which I fully agree, sets forth the verbatim language of the effect-of-findings instruction. The instruction permitted a verdict for the plaintiffs or a verdict for the defendant. In either event, the jury was directed to the same verdict form.

But the verdict form did not precisely adhere to the language of the effect-of-findings instruction. As the court's opinion recites, the form consisted of a single sentence finding for the plaintiffs and awarding damages in an amount left blank. Thus, the verdict form provided the jury with the means of precisely recording only one of the options authorized by the instruction.

The problem could have been avoided easily in either of two ways. One way would have been to use two verdict forms. But even if only one verdict form was to be used, the same result could have been achieved. The single form could have provided two choices, each with a box or blank to be checked by the jury to indicate its choice. One choice could have been a sentence employing the language used in the instant case. The other choice could have been language specific to a verdict for the defendant. Either approach would have tailored the verdict form or forms to the effect-of-findings instruction, and likely avoided an appeal.